82 So.2d 341

### Herman Henry WEEKLEY

v.

### Sarah HORN, as Adm'x.

I Div. 604.

Supreme Court of Alabama.

Aug. 18, 1955.

Rehearing Denied Sept. 22, 1955.

J. B. Blackburn and Jas. R. Owen, Bay Minette, for appellant.

John Chason, Chason & Stone, Bay Minette, and Robt. E. Hodnette, Jr., Tonsmeire & Hodnette, Mobile, for appellee.

MAYFIELD, Justice.

This is an appeal from a judgment rendered in favor of the plaintiff by the Circuit Court of Baldwin County. The action was for wrongful death under Code of 1940, Title 7, Section 123. Appellant's principal insistence relates to a single assignment of error, wherein it is contended that the trial court erred in overruling ground 6 of his motion for a new trial. The pertinent portion of that motion is as follows:

"6. When the jury was qualified for the trial of this case, the plaintiff's attorneys did not request that the court ascertain and the court did not ascertain if any of said jurors were officers or stockholders in or employees of any insurance company.

"The jury which tried this case was, in its deliberation, guilty of misconduct in that it discussed in the jury room and before it arrived at its verdict the question of insurance, it being stated by a juror in the presence of the other jurors, in substance that the defendant had Five Thousand Dollars ($5,000) liability insurance.

"The affidavit of Derrill Stuart, one of the said jurors, is attached hereto and made a part hereof as though fully incorporated herein.

"State Of Alabama }
Baldwin County }

"Before me, the undersigned authority within and for said County in said state, personally appeared Derrill Stu-

art, who, after being by me first duly and legally sworn, deposes and says:

"That he was one of the jurors who heard the evidence and who returned the verdict for Thirty-Five Hundred Dollars ($3500) for the plaintiff and against the defendant in the case of Sarah Horn, as Administratrix of the Estate of George Craige, Deceased plaintiff, vs. Herman Henry Weekley, defendant, in the Circuit Court of Baldwin County, Alabama at Law, on, to-wit, March 12, 1954.

"Affiant further deposes and says that after the jury retired in the jury room to consider this case, and before the said verdict for the plaintiff was agreed upon, one of the jurors stated in the presence of the other said jurors, in substance, the following: 'The defendant has Five Thousand Dollars in liability insurance.'

"Derrill Stuart

"Sworn to and subscribed before me on this the 29th day of March, 1954.

"James R. Owen
Notary Public, Baldwin County, Alabama"

We must first decide whether the affidavit of Derrill Stuart could properly be considered in connection with a motion for a new trial.

The general rule in Alabama, as well as in a majority of jurisdictions, is that affidavits of jurors will not be accepted for the purpose of impeaching their own verdict. Florence Coca Cola Bottling Co. v. Sullivan, 259 Ala. 56, 65 So.2d 169; Lackey v. Lackey, Ala., 76 So.2d 761;[1] Birmingham Electric Co. v. Yoast, 256 Ala. 673, 57 So.2d 103, 30 A.L.R.2d 907; Gulf States Steel Co. v. Law, 224 Ala. 667, 141 So. 641; Continental Casualty Co. v. Ogburn, 186 Ala. 398, 64 So. 619; Birmingham Ry. Light & Power Co. v. Moore, 148 Ala. 115, 42 So. 1024. The basis for the rule is well expressed in Gulf States Steel Co.

[1]. 262 Ala. 45.

v. Law, supra [224 Ala. 667, 141 So. 645], as follows:

"The court committed no error, when it declined to consider the affidavit of one of the jurors trying the case, who undertook to testify to his own and fellow jurors' action and conduct while considering the case. A due regard for the proper and orderly administration of the law, a proper regard for the solemnity of verdicts of jurors, as well as a sound public policy forbid that members of a jury, after they have made their deliverances in court, should be allowed to impeach their verdicts. To give consideration to such affidavits would tend to bring the law and its administration into disrepute. * * *."

There is an exception to the general rule that the affidavits of jurors will not be received to impeach their own verdict. This exception arises when the affidavits tend to show the *extraneous facts* which have influenced the verdict. Central of Georgia Ry. Co. v. Holmes, 223 Ala. 188, 134 So. 875; Alabama Fuel & Iron Co. v. Powaski, 232 Ala. 66, 166 So. 782; McCormick v. Badham, 204 Ala. 2, 85 So. 401; Dulaney v. Burns, 218 Ala. 493, 119 So. 21; Alabama Fuel & Iron Co. v. Rice, 187 Ala. 458, 65 So. 402. It is on this exception that appellant relies and grounds his contention.

No cases are brought to our attention wherein this court has sought to define the meaning of *extraneous facts* within the stated exception. The cases which the appellant brings to our attention involve the consideration by juries of papers, documents, a dictionary, etc., which were not introduced into the evidence. We shall not here attempt to define and limit the term *extraneous facts* as embraced in the exception to the general rule. Each case must be decided in the light of attending circumstances.

Our prior opinions clearly establish that remarks between jurors during their deliberation, even though improper, are not such *extraneous facts*. In Central of Geor-

gia Railway Co. v. Holmes, supra [223 Ala. 188, 134 So. 877], is found the following:

"But the law and public policy alike declare that affidavits of jurors with respect to occurrences in the jury room amongst themselves may not be received for the purpose of impeaching their verdict, * * *."

The following statement is found in Alabama Fuel & Iron Co. v. Powaski, supra. [232 Ala. 66, 166 So. 787]:

"But the affidavits here offered *were not of extraneous facts, but concerned the debates and discussions of the case by the jury while deliberating thereon.* They are therefore directly within the influence of the authorities herein noted." [Emphasis supplied.]

While the decisions of our sister states are not uniform, the best considered opinions from other jurisdictions seem to have reached the same conclusions. In adopting the rule of a previous Massachusetts case, the Supreme Court of Michigan stated:

"* * * it is clear that by this [extraneous influence] *was not meant improper communications between jurors themselves,* whether in the court room or out of it." [Emphasis supplied] Sharp v. Merriman, 108 Mich. 454, 66 N.W. 372, 376, and cases cited therein.

In Brabham v. State of Mississippi, 96 F.2d 210, 214, rehearing denied at 97 F.2d 251, certiorari denied 305 U.S. 636, 59 S.Ct. 103, 83 L.Ed. 409, the Court of Appeals for the Fifth Circuit said:

"On the other ground for setting the verdict aside, the misconduct of the jury in discussing the liability of the surety company, it is the view of the majority that there was no error. They think the court below correctly held this to be a case for the application of the general rule that jurors will not be heard to impeach their own verdict by stating what they considered and thought in arriving at it. (Cases cited.)"

See, also, Margiotta v. Aycock, 162 Va. 557, 174 S.E. 831; Columbia Amusement Co. v. Rye, 288 Ky. 179, 155 S.W.2d 727.

To allow the deliberations of juries and the propriety of their discussions to be impeached by affidavits would abrogate the rule rather than create an exception. If the rule were otherwise it would allow and invite a veritable barrage of post trial affidavits, garnered and sought by nonsuccessful litigants in search of reversible error. This is the reason behind the rule which prevents a consideration of such affidavits.

■ In the light of the above, we conclude that the affidavit of Derrill Stuart comes within the general rule that jurors may not, by their own mouths, impeach their own verdict, and that this affidavit could not properly be considered on motion for new trial. As nothing further was offered in support of this portion of the motion, it follows that the sixth ground for the motion for new trial was properly overruled.

Appellant also makes assignments of error to the effect that the verdict is contrary to the evidence, and that the verdict is contrary to the charge of the court concerning contributory negligence. No authority is cited in support of these portions of the appellant's argument. However, we have carefully reviewed the evidence contained in the record. It is not disputed that George Craige died as the result of being struck by the defendant's automobile. The testimony adduced by the plaintiff was clearly sufficient to establish negligence on the part of the defendant and the absence of contributory negligence on the part of the deceased. While defendant's evidence was in direct conflict in many material respects, the credibility of the evidence made a jury question and the jury determined the question against the defendant. We, therefore, find that the trial court did not err in refusing to set aside the verdict.

It results that judgment is due to be, and is hereby, affirmed.

Affirmed.

LAWSON, STAKELY, GOODWYN and MERRILL, JJ., concur.