89 So.2d 106

**SHELBY COUNTY**

v.

**Alma OLDHAM (Tract No. 152).**

**7 Div. 317.**

Supreme Court of Alabama.

July 26, 1956.

Handy Ellis, Columbiana, for appellant.

Frank Head, Columbiana, for appellee.

SPANN, Justice.

This is an appeal from a judgment of the Circuit Court of Shelby County assessing damages and compensation at $4,500 in a condemnation proceeding.

Shelby County, a body corporate, filed an application in the Probate Court of Shelby County seeking to acquire the property of appellee for the purpose of constructing, maintaining, improving and relocating portions of Highway 31 in Shelby County, Alabama. The application was granted by the Probate Court, commissioners appointed to assess the damages and compensation to which appellee was entitled, made their report, and after the payment of the award into court an order of condemnation was entered. The appellee then appealed to the Circuit Court under Title 19, § 17, Code of Alabama 1940, and demanded trial by jury. After verdict and judgment in favor of the appellee, appellant filed a motion for a new trial which was overruled, and Shelby County prosecuted this appeal.

, There is only one assignment of error and that relates to the action of the trial court in refusing to grant appellant's motion for a new trial. The motion for new trial is rested on the general grounds that the verdict of the jury is contrary to the law and evidence in the case, that it was a result of prejudice, passion and caprice on the part of the jury, and that the amount of the damages awarded is grossly excessive.

The only seriously argued contention of appellant is that the trial court erred in overruling the motion for new trial on the ground that the verdict of the jury is excessive and should not be allowed to stand. Appellant contends that, from the physical facts of the property and under the law, it is inescapable that the damages were greatly magnified by appellee's witnesses and followed by the jury. In support of this contention, several photographs were introduced as part of the motion for a new trial.

The evidence tended to show that prior to the condemnation, the old Highway 31 at appellee's property was approximately five feet higher than her property. It became necessary to raise the roadbed six feet and replace the old pavement which is now the west lane of the four lane highway and is designed for northbound traffic. It was necessary to build a lane for southbound traffic adjacent to the old highway farther west of and partly on appellee's property. The fill for the southbound traffic, therefore, is some 11 feet higher than appellee's property. It was necessary also to take a portion off of the east·end of appellee's property. Mr. W. H. McMahon, an engineer with the State Highway Department and appellant's witness, testified that there were 77 feet of appellee's highway frontage taken. The new right-of-way line comes to within some 6.7 feet of the main part of appellee's residence. Prior to the construction, her house was situated approximately 80 feet from the highway. Prior to the change in the road, appellee had a driveway leading east from her property onto the old highway and onto the pavement thereof. Since the construction of the new highway, the fill prevents access to the highway in front of her house, so that it became necessary to build, and there has been built, an access road down to her house and on the west side of the highway as now constructed, which access road leads south from the house parallel with the new highway and on the right-of-way from the new highway. This access extends about 150 or 200 feet from the house to where it intersects another road which connects up with the other highway. Appellee has access to the new highway by that route. There were several photographs introduced in evidence on the trial of the cause in the Circuit Court which tend to show the condition of the new highway and of appellee's property and also the location of the road with reference to appellee's property. These photographs are attached to and made a part of the record.

Prior to the construction of the new highway, appellee's property was 45 feet in width fronting the highway and was 85 feet in width on the back. Her property was between 180 and 185 feet in depth. After the construction of the new highway, her property was only 103 feet in depth. It appears that appellee lost practically all of her front yard, including shade trees and shrubbery, and because of the raising of the highway her view has been obstructed.

The evidence was in conflict as to the damages to which appellee was entitled. Appellant's witness, Chichester, set the damages to appellee's property at $1,750. Four witnesses introduced by appellee testified on the question of damages, their opinions ranging from $4,500 to $5,500.

It is clear that there was evidence to support the verdict of the jury. The weight of the evidence and the credibility of the witnesses were passed on by the jury. The presiding judge, in denying the appellant's motion for a new trial, gave evidence of his satisfaction with the verdict. The verdict of a jury is presumed to be correct and will not be reversed unless after allowing all reasonable presumptions of its correctness the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust. Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738.

It is also recognized by this court that when the trial judge refuses, as he did in the case before us, to grant a new trial the presumption in favor of the correctness of the verdict of the jury is strengthened. Bell v. Nichols, 245 Ala. 274, 16 So.2d 799; Morgan County v. Hill, 257 Ala. 658, 60 So.2d 838.

After carefully considering the record in the light of the foregoing well-settled rules, we cannot say that the trial court erred in refusing to grant appellant's motion for a new trial. It follows that the judgment of the Circuit Court should be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.