130 So.2d 194

**John C. ALLMAN**

**v.**

**Lydia Lee BEAM.**

**6 Div. 280.**

Supreme Court of Alabama.

May 11, 1961.

Mead & Norman and Marshall H. Fitz-patrick, Birmingham, for appellant.

Bryan Chancey, Birmingham, for appel-lee.

day of November, 1956, at about 6:30 a. m., and was proceeding along the highway on the right side in the direction in which she was going, and that the appellant proceeding in the same direction came up behind her and struck her with his automobile. The evidence is also undisputed that there were no sidewalks on her side of the highway at the point in question, that the weeds and grass had grown up to the paved portion of the roadway, and that there were rocks and stones along both sides.

Title 36, Sec. 58(19) (b), Code of 1940, provides as follows:

"Where sidewalks are not provided any pedestrian walking along and upon a highway shall when practicable walk only on the left side of the roadway or its shoulder facing traffic which may approach from the opposite direction."

Appellant contends that the appellee was proceeding along the wrong side of the road when she was struck and was therefore, guilty of contributory negligence as a matter of law, which bars her recovery.

■ We see no need to set out the evidence, indeed there is little conflict in it in its material aspects. It is ample to raise a jury question as to whether or not the appellant was initially negligent.

■ A motorist must exercise due care to anticipate the presence of others on the highway, and not to injure them upon becoming aware of their presence, and and is chargeable with the knowledge of what a prudent and vigilant operator would have seen, and is negligent if he fails to discover a traveler or pedestrian whom he could have discovered in time to avoid the injury in the exercise of reasonable care. Harbin v. Moore, 234 Ala. 266, 175 So. 264; Peoples v. Seamon, 249 Ala. 284, 31 So.2d 88. And this is so regardless of which side the highway the pedestrian or traveler is walking, whether facing oncoming traffic or with his back to traffic. Ivy v. Marx, 205 Ala. 60, 87 So. 813, 14 A.L.R. 1173. Regardless of appellee's position on the

LIVINGSTON, Chief Justice.

This appeal is from a judgment of the Circuit Court of Jefferson County, Alabama, Bessemer Div., in a suit claiming damages for personal injuries. There was a verdict and judgment in favor of plaintiff for $1,500.

The complaint contained only one count, and that for simple negligence, to which defendant entered a plea in short by consent. As a defense, the defendant in the court below relied on contributory negligence of the appellee.

It is undisputed that the appellee was going to work on the morning of the 9th

highway, she was no trespasser and the appellant was under a duty to keep a lookout for those also using the highway, each owing the other the duty to exercise reasonable care. Harbin v. Moore, supra.

Appellant testified, in substance, that the sun blinded him through his windshield just before he struck the appellee. The roadway where appellee was injured runs in an easterly-westerly direction.

Appellant's motion for a new trial was overruled. One ground of the motion for a new trial was supported by an affidavit of a juror that sometime during the progress of the trial the jury was allowed to separate and spend the night at their homes; that said juror took his automobile out to the place of the accident and tested distances, etc., and as to how quick he could stop his automobile under certain circumstances, and that the juror told the other jurors after they had assembled the next morning, and before the verdict was rendered, about his experiment.

There were eight assignments of error. So far as we are advised and so far as our research has disclosed, there is no case in this jurisdiction construing Sec. 58(19) (b) of Title 36, Code of Alabama 1940. We do have cases construing municipal ordinances which discuss and decide analogous questions.

We will discuss the assignments of error in the order in which they are assigned.

Assignments of error 1 and 2 are based on the court's refusal to give, at the written request of appellant, charges 1 and 2 which are the general affirmative charges without hypothesis. Assignments of error 3 and 4 are based on the trial court's refusal of charges 3 and 4 which are general affirmative charges with hypothesis.

Conceding arguendo the appellant's contention that the plaintiff's violation of the statute at the time she was injured renders her guilty of negligence, nevertheless the question of causation must be determined in order to test the propriety of giving or refusing charges 1, 2, 3 and 4.

It was stated in Simpson v. Glenn, 264 Ala. 519, 88 So.2d 326, 327, that:

"There, of course, can be no sound distinction between the rule with respect to violation of a statute and a municipal traffic ordinance. As stated in 65 C.J.S., Negligence, § 19(b), p. 420:

" 'In jurisdictions where violation of a statutory duty is regarded as negligence per se it is usually considered that violation of a municipal ordinance designed for the protection of the person claiming to have been injured by reason of such violation is also negligence per se, or negligence as a matter of law, on the ground that there is no good reason for having one rule with reference to statutes and a different rule with reference to ordinances which have the force of statutes within the municipality.'

"Our court has not attempted to rationalize any sound distinction as indicated from the above-cited cases, some of which involve the violation of a statute and others the infraction of a traffic ordinance."

See Murphree v. Campbell, 266 Ala. 501, 97 So.2d 892; also Saddler v. Parham, Ky., 249 S.W.2d 945; Donaho v. Large, 25 Tenn.App. 433, 158 S.W.2d 447; Lemons v. Holland, 205 Or. 163, 284 P.2d 1041, 286 P.2d 656; Flaumer v. Samuels, 4 Wash. 2d 609, 104 P.2d 484; Anderson v. Holsteen, 238 Iowa 630, 26. N.W.2d 855; Hutcheson v.. Misenheimer, 169 Va. 511, 194 S.E. 665; Miller v. Lewis & Holmes Motor Freight Corp., 218 N.C. 464, 11 S.E. 2d 300; Brown v. Wilson, 6 Cir., 209 F.2d 151, and Panzer v. Hesse, 249 Wis. 340, 24 N.W.2d 613.

We are clear to the conclusion from our cases, and those better-reasoned cases from other jurisdictions, that the violation of

a statute designed for the protection of a person claiming to have been injured by reason of such violation, is negligence per se, or negligence as a matter of law. But we are also clear to the conclusion that such conduct on the part of a pedestrian will not in itself prevent recovery on the ground of contributory negligence if the violation of the statute is not a contributing cause of the injury. It is generally agreed that the question as to whether the violation was a proximate contributing cause of the injury is for the jury.

The general result of the authorities seems to be, that if the plaintiff, or party injured, by the exercise of ordinary care under the circumstances, might have avoided the consequences of the defendant's negligence, but did not, the case is one of mutual fault, and the law will neither cast all the consequences upon the defendant, nor will it attempt any apportionment thereof.

It was said in Carter v. Chambers, 79 Ala. 223, that:

"There are cases so plain and pronounced in their facts, as that the court may and should give the general charge, if thereto requested, that if the testimony be believed, the defendant is guilty of negligence, or the plaintiff of proximate contributory negligence, as the case may be. The present case, however, cannot be placed in that class. The sufficiency of the testimony was a question for the jury, in each aspect of the issue. * * *

"Charges, we have said, must be interpreted in reference to the tendencies of the testimony; and if, when so interpreted, they declare an incorrect rule for the jury's guidance, this is error.—Pepper v. Lee, 53 Ala. 33. Diligence is a relative term, and has not always the same measure. It depends on the nature of the trust, duty, or subject in hand. Hence, if the trust confided, or duty imposed, require deli-cate handling, or skillful manipulation, to preserve the one, or to so control the other as to do no mischief, the requisite degree of diligence rises in proportion to the delicacy or danger which attends the service. Greater watchfulness and care are required in the proper custody and preservation of a diamond, than need be bestowed on chattels of ordinary value; greater skill and diligence are exacted in the driving of a steam-locomotive than in driving a road-wagon. The reason is obvious; and 'law is the perfection of human reason.'"

On the issue of causation, the facts and circumstances of a particular case may be so nicely balanced that reasonable minds might differ, when this is so, the issue is one for the jury.

The trial court did not err in refusing written requested charges 1, 2, 3 and 4.

Assignments of error 5 and 6 are not argued in brief by appellant, and are, therefore, considered waived. Supreme Court Rule 9.

■ Under assignment of error 7 it is argued that the verdict of the jury was contrary to appellant's given instruction 6. Only adverse rulings of the trial court are subject to an assignment of error and reviewable on appeal. Clark v. Hudson, 265 Ala. 630, 93 So.2d 138; King v. Jackson, 264 Ala. 339, 87 So.2d 623; Mulkin v. McDonough Construction Co. of Georgia, 266 Ala. 281, 95 So.2d 921. Moreover, the verdict of the jury is not necessarily contrary to appellant's given charge No. 6. The jury could have found that the plaintiff's negligence was not a proximate contributing cause to her injury.

■ Assignment of error No. 8 is based on the trial court's action in overruling appellant's motion for a new trial. Appellant argues ground No. 6 in his motion for a new trial to the effect that the verdict of the jury and the judgment entered thereon

were contrary to the great weight and pre-ponderance of the evidence in the case. It is unnecessary to detail the evidence. We have considered it carefully. The trial court heard the witnesses, saw and observed their demeanor from the witness stand, and was much more advantaged than are we to judge the weight of the evidence, and his overruling that ground of the motion strengthens the verdict on appeal. Cobb v. Malone, 92 Ala. 630, 9 So. 738.

 The other grounds of the motion for a new trial argued in brief are based on the unauthorized viewing of the scene of the accident by Roy Blackerby, one of the jurors, as stated above. There was attached to the motion for a new trial, in support of these grounds, the affidavit of said juror. There was also a counter affidavit of this juror to the effect that his view of the premises and experiment had no influence on his verdict. Affidavits of the other eleven jurors were introduced on the hearing of the motion for a new trial. Each juror affirmed that what Blackerby told them about his visit to the scene of the accident had no influence on their verdict.

This court has consistently held that such conduct on the part of a juror is improper and should be guarded against with diligence. However, for such conduct to work a reversal, there are other considerations which must be taken into account before the trial court can be put in error for its failure to grant a motion for a new trial based on such ground.

One matter which will be carefully scrutinized is the effect the unauthorized view had on the outcome of the case. It is the general rule in Alabama, as well as elsewhere, that affidavits of jurors will not be accepted for the purpose of impeaching their own verdict. Gulf States Steel Co. v. Law, 224 Ala. 667, 141 So. 641; Weekley v. Horn, 263 Ala. 364, 82 So.2d 341.

It was held in the Weekley case, supra, and cases therein cited, that the general rule is subject to an exception, the exception being that the affidavits tend to show that there were extraneous facts brought before the jury and such extraneous facts influenced the verdict

We have carefully examined the affidavits offered to sustain the verdict. We do not think that the unauthorized view of the premises and the experiment by Blackerby had any influence on the verdict in this case. Moreover, the trial court was of the same opinion as evidenced by his action in overruling appellant's motion for a new trial.

The cause is due to be, and is, affirmed.

Affirmed.

LAWSON, STAKELY and MERRILL, JJ., concur.