233 So.2d 240

**Bill JACOWAY and Billy Joe Goza, d/b/a North Alabama Music Company**

**v.**

**Troy L. WRIGHT.**

**7 Div. 14.**

Court of Civil Appeals of Alabama.

March 18, 1970.

L. Clyde Traylor, Randall L. Cole, Fort Payne, for appellee.

THAGARD, Presiding Judge.

This appeal arises from a jury verdict for the appellants in the DeKalb County Circuit Court. The appellants sued the appellee on an amended complaint of two counts, alleging that the appellee had engaged in the business of operating amusement machines in Alabama contrary to an agreement restricting appellee's business activities in this state. The jury assessed the appellants' damages at 2 cents and the appellants filed a motion for a

Scott & Scott, Loma B. Beaty, Fort Payne, for appellants.

new trial. This motion was overruled by the trial court and from that ruling, this appeal is taken.

The appellants, doing business as North Alabama Music Company, purchased certain coin-operated amusement machinery from the appellee, Troy L. Wright, doing business as Summerville Amusement Company, Summerville, Georgia, for $15,000.00. As part of the consideration, it was agreed that the appellee would not enter into competition in any way with the appellants within the State of Alabama for a period of ten years.

The appellants continued to do business as North Alabama Music Company for a period of four years after the contract was entered into with the appellee. At the end of this four year period, the appellants sold their interest in said business.

On the trial of the case conflicting evidence was introduced concerning whether or not the defendant-appellee had breached the trade restriction agreement. The jury returned a verdict for the plaintiffs-appellants and assessed their damages at 2 cents. The appellants filed a motion for a new trial alleging in essence that the verdict of the jury was contrary to the law and evidence in the case, and that the jury was influenced by extraneous matter injected by one of the jurors. Filed with appellants' motion for new trial were the affidavits of two jurors stating that they were influenced in their verdict by a juror's remark during deliberations that the defendant-appellee had an invalid son who was shot up in Viet Nam and that "she did not know how Troy Wright would be able to take care of the boy if he lost this case."

The appellee's answer to the motion for a new trial was accompanied by the affidavits of four jurors who swore that the juror's remark had not influenced their verdict.

The appellants set out as their only assignment of error the following:

"The Court erred in overruling the motion for a new trial by the Appellants."

The above mentioned assignment of error was handwritten by the appellants' attorney at the bottom of the circuit clerk's certification of the record.

Appellants' arguments in their brief can be divided into two parts. One argument deals with inadequacy of the verdict in light of the amount of damages proven during the trial of the case. The second part of appellants' argument deals with the remark made by one juror during the course of the jury's deliberation which the appellants allege generated passion and prejudice upon which the verdict was rendered.

As to that part of the appellants' argument dealing with the amount of damages proven during the trial, we must disagree. We have carefully read the transcript of the testimony in this case and we do not think that any damage to the appellants was proven. In fact, we would be hard pressed if we were called upon to find where in the course of the trial the appellants proved breach of contract. The law was set out in World's Exposition Shows v. B. P. O. Elks, No. 148, 237 Ala. 329, 186 So. 721, as follows:

"It is, of course, the generally accepted rule that, in an action founded on a contract, the plaintiff, in order to recover more than nominal damages, must adduce evidence that an actual substantial loss or injury has been sustained. * * *" (237 Ala. at pages 330 and 331, 186 So. at 723)

Even if some possible damage to the appellants was shown in this case, the amount of damages to be awarded are left to the jury's discretion. Carlisle v. Miller, 275 Ala. 440, 155 So.2d 689.

In Shelby County v. Oldham, 264 Ala. 626, 89 So.2d 106, the court said:

"It is clear that there was evidence to support the verdict of the jury. The

weight of the evidence and the credibility of the witnesses were passed on by the jury. The presiding judge, in denying the appellant's motion for a new trial, gave evidence of his satisfaction with the verdict. The verdict of a jury is presumed to be correct and will not be reversed unless after allowing all reasonable presumptions of its correctness the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust. (Citation omitted)

"It is also recognized by this court that when the trial judge refuses, as he did in the case before us, to grant a new trial the presumption in favor of the correctness of the verdict of the jury is strengthened. (Citations omitted)" (264 Ala. at pages 627 and 628, 89 So.2d at 107)

■ The second portion of appellants' argument in brief alleges that the remark made by one of the jurors to the effect that the defendant was supporting an invalid son constituted an extraneous influence on the jury.

The appellants cite Allman v. Beam, 272 Ala. 110, 130 So.2d 194, which dealt with the unauthorized viewing of the scene of an accident by a juror. The court said:

"It is the general rule in Alabama, as well as elsewhere, that affidavits of jurors will not be accepted for the purpose of impeaching their own verdict. Gulf States Steel Co. v. Law, 224 Ala. 667, 141 So. 641; Weekley v. Horn, 263 Ala. 364, 82 So.2d 341.

"It was held in the Weekley case, supra, and cases therein cited, that the general rule is subject to an exception, the exception being that the affidavits tend to show that there were extraneous facts brought before the jury and such extraneous facts influenced the verdict." (272 Ala. at page 115, 130 So.2d at page 198)

In Allman v. Beam, supra, the court held that such unauthorized viewing constituted improper conduct on the part of the juror, but that it did not have any influence on the verdict.

In Weekley v. Horn, 263 Ala. 364, 82 So.2d 341, a juror stated in the presence of the other jurors, in substance, that the defendant had $5,000.00 liability insurance. The court stated in its opinion the following:

"Our prior opinions clearly establish that remarks between jurors during their deliberation, even though improper, are not such *extraneous facts*. In Central of Georgia Railway Co. v. Holmes, supra, [223 Ala. 188, 134 So. [875] 877], is found the following:

" 'But the law and public policy alike declare that affidavits of jurors with respect to occurrences in the jury room amongst themselves may not be received for the purpose of impeaching their verdict, * * *.'

"The following statement is found in Alabama Fuel & Iron Co. v. Powaski, supra, [232 Ala. 66, 166 So. [782] 787]:

" 'But the affidavits here offered *were not of extraneous facts, but concerned the debates and discussions of the case by the jury while deliberating thereon*. They are therefore directly within the influence of the authorities herein noted.' [Emphasis supplied.]"

(263 Ala. at page 366, 82 So.2d at 342–343)

The appellants' argument in the case at bar concerns a statement made by one juror in the confines of the jury room. Based on Weekley v. Horn and cases cited therein, this statement as to the defendant's invalid son constituted improper communication by a juror, but did not come under the heading of an extraneous fact.

Therefore, the judgment is due to be, and is hereby affirmed.

Affirmed.