**CANYON LAND PARK, INC., a Corporation, et al., Plaintiffs-Appellants,**

v.

**Edward W. RILEY, Defendant-Appellee.**

No. 76–4369.

United States Court of Appeals,
Fifth Circuit.

June 22, 1978.

R. Ben Hogan, III, Birmingham, Ala., Roger Killian, Fort Payne, Ala., Robert H. King, Gadsden, Ala., for plaintiffs-appellants.

James D. Pruett, Gadsden, Ala., for defendant-appellee.

Before GEWIN, GODBOLD and MORGAN, Circuit Judges.

PER CURIAM:

Edward W. Riley, an entrepreneur, is alleged to have decided not to perform his payment obligation under a contract for the purchase of Canyon Land Park. The disappointed sellers brought suit to compel his performance or, alternatively, for damages, in the district court, which dismissed the case upon Riley's motion for summary judgment. We must reverse, because issues of material fact were raised, making summary judgment inappropriate.

Riley and Canyon Land Park, Inc., et al. (Canyon Land), entered an agreement on May 15, 1974 (modifying an agreement made April 23, 1974), for the sale of the assets of Canyon Land Park, an approximately sixty-acre amusement area situated on a ridge above Little River Canyon in northeastern Alabama. In consideration of the transfer of all assets of Canyon Land, Riley promised to assume Canyon Land's liabilities up to a stated dollar amount. The park contained a zoo and other concessions, including a chairlift which ran from the park to the floor of the canyon. The floor of the canyon is owned by the State of Alabama, and operation of the chairlift was contingent upon reinstatement of an easement granted the former park owners by the state. Reinstatement of the easement and agreement of the park's creditors to the payment terms outlined in the contract were express conditions precedent to Riley's liability under the contract.

Canyon Land alleged in its complaint that Riley breached the contract by failing to make good-faith efforts to secure reinstatement of the chairlift easement and to obtain the creditors' agreement to the terms of payment specified in the contract. By amended complaint Canyon Land also alleged that Riley fraudulently entered into the contract with knowledge that the conditions precedent could not or would not be met, and demanded punitive damages.

Riley moved for summary judgment. He submitted affidavits to show his good faith efforts to comply with the terms of the agreement. The affidavit of William L. O'Rear, chief counsel for the Alabama Department of Conservation and Natural Resources, stated, *inter alia*, that the easement had been declared in default by the state, that under no circumstances would a new easement be granted on terms similar to those of the original one, that any future chairlift concession would be by lease agreement based on competitive sealed bids, and that any lease would be offered only upon removal of the rides and amusements which gave Canyon Land Park a "carnival atmosphere." (A. 27) The affidavit of Colonel Condee C. Nason, retired director of the Conservation Department, in general recapitulated O'Rear's statements. Other affidavits detailed the impossibility of persuading the creditors to accept a settlement tracking the terms in the contract.

Canyon Land offered in opposition to Riley's motion a number of affidavits. It presented the sworn statement of Governor George C. Wallace to the effect that he desired to have the chairlift once again in operation. The affidavit of Don E. Lawley, legal counsel for the Department of Examiners of Public Accounts, contradicted in some respects that of Mr. O'Rear. Lawley opined that the easement was not a concession and that a lease to operate the chairlift would not be governed by the state competitive bid law. Affiant Nelson, formerly Canyon Land's attorney, stated that he had acted on behalf of Riley and Canyon Land in contacting creditors and discussing details of the proposed settlement with them, and that he believed all of them would have accepted payment on substantially the terms set forth in the contract, had they been given an opportunity to do so. According to Nelson, Riley made the following statement: "Why should I pay $1,095,000 for this park when I could simply buy the property at a mortgage foreclosure sale at a much lower price." (A. 181) Other affiants repeated similar statements they had heard Riley make.[1]

---

1. At oral argument there was no serious contention that Riley did not make the quoted statement and other similar ones.

■ This summary of the proceedings on the motion, by no means complete, indicates that, while much of the affidavit testimony on both sides was conclusory in nature, Canyon Land set forth specific facts showing the existence of genuine issues for trial, in accordance with Fed.R.Civ.P. 56(e). The good faith of Riley's efforts to obtain reinstatement of the easement and to reach agreement with the creditors was controverted by Nelson and other witnesses to Riley's impulsive comments regarding the wisdom of carrying out the bargain to purchase the park. Riley's good faith was also called into question in a number of allegations made by Billy R. McDow, park manager for Canyon Land and later, for a short time for Riley. It is generally agreed that one who unjustly prevents the performance or the happening of a condition of his own promissory duty thereby eliminates it as such a condition. *See* 3A Corbin on Contracts § 767.[2] Canyon Land appears to have raised a triable issue concerning whether Riley's action or failure to act brought about a voluntary disability to perform the contract.

We believe the evidence, viewed in the light most favorable to the party opposing the motion, *see United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176, 177 (1962), is sufficient to establish genuine triable issues.[3] The standard we follow was set out almost forty years ago in *Whitaker v. Coleman*, 115 F.2d 305, 306 (5th Cir. 1940):

> To proceed to summary judgment it is not sufficient then that the judge may not credit testimony proffered on a tendered issue. It must appear that there is no substantial evidence on it, that is, either that the tendered evidence is in its nature too incredible to be accepted by reasonable minds, or that conceding its truth, it is without legal probative force.

. . .

*Accord Benton-Volvo-Metairie, Inc. v. Volvo Southwest, Inc.*, 479 F.2d 135, 138 (5th Cir. 1973). The reason stated by the district judge for granting the summary judgment motion is not sufficient in light of the evidence offered by Canyon Land to support its contentions of waiver and lack of good faith.[4]

---

**2.** The rule against permitting a party to benefit from his voluntary disability to perform the terms of a contract has been recognized by the Alabama Supreme Court:

> The chief difficulty with defendant lies in the fact that the argument against plaintiff's recovery of this guaranteed amount must rest upon the failure of defendant to perform its contract. Or to state it otherwise, plaintiff must be denied the recovery of the guaranteed one thousand dollars because of defendant's breach of the contract. Such a conclusion runs counter to a well settled principle of law, as stated in 3 Williston on Contracts, section 677, and very generally recognized by the authorities, as follows: "It is a principle of fundamental justice that if a promisor is himself the cause of the failure of performance, either of an obligation due him or of a condition upon which his own liability depends, he cannot take advantage of the failure."

*World's Exposition Shows, Inc. v. B. P. O. Elks, No. 148*, 237 Ala. 329, 332, 186 So. 721, 724 (1939). *See also Selman v. Bryant*, 261 Ala. 53, 58, 72 So.2d 704, 708 (1954).

**3.** There was also evidence before the court, in O'Rear's affidavit, of Riley's knowledge prior to signing the contract that the state would not grant another easement on terms similar to the original one. This evidence relates to the issue of waiver of the condition under Alabama law. According to *Cranford v. National Surety Corp.*, 231 Ala. 636, 639, 166 So. 721, 723 (1936), "[t]he giving and receiving of the price of a contract, knowing at the time that by its terms it is without value or validity, has the effect of writing such terms out of the contract; otherwise a fraud would be perpetrated by luring one into a false sense of protection."

**4.** The following is from the district court's order:

> "This cause comes before the Court on Defendant's motion for summary judgment. Having considered the submissions and the oral presentations of counsel, the Court is of the opinion that by reason of the failure of a condition precedent no liability flows from non-performance of the contract sued on; that it would be open to anyone in defendant's position to insist on the condition precedent, so that plaintiffs have sustained no actual damage in consequence of the alleged fraud; and that, therefore, neither compensatory nor punitive damages are recoverable. *Maring-Crawford Motor Co. v. Smith*, 285 Ala. 477, 233 So.2d 484 (1970)." (A. 91)

It is impossible to determine from the court's order whether it was referring to failure of the

Since Riley was not entitled to summary judgment as a matter of law, we must remand. Of course, we intimate no conclusions as to the merits of Canyon Land's case.

REVERSED and REMANDED.

condition that the easement be reinstated or the condition that the creditors agree to the payment terms in the contract. The court probably had in mind the easement condition, since it was the focus of Riley's motion. In any event, Riley's failure to make a good faith effort to perform the conditions, if proven and if shown to be the cause of their nonperformance, would permit the conditions to be eliminated. Obviously such a showing will be difficult, but the difficulty of proof of facts is not a sufficient basis for an order granting a motion for summary judgment.