FAULKNER, Justice.
The appellant, Eastwood Lands, owns the People’s Nursing Home in Jasper, Alabama. The appellee, Walter Carlos Anderton, Inc. is an architect who is experienced in designing health related facilities. In 1974, Eastwood Lands became interested in expanding the People’s Nursing Home. Although the architect proposed the parties enter into a contract for the design of the new portion of the home, Eastwood Lands apparently refused. Nevertheless, the parties worked together to procure a certificate of need from the State Health Department permitting the home to add seventy-eight beds. The certificate of need was valid from June 18, 1975, to June 17, 1976. The certificate provided that the State reimburse Eastwood Lands for capital expenditures made to expand the nursing home if the State approved the plans.
The architect submitted preliminary drawings on July 25, 1975, and they were approved by the State Health Department on September 23, 1975. For reasons unclear from the record, no further work was completed on the plans until May, 1976. On May 6, 1976, six weeks before the expiration of the certificate, the parties entered into a written contract. Section 14 of the contract provided that the architect be paid $8,000 for each $100,000 spent on the project. Another section, § 6 of the contract, provided that the architect would be paid the value of his services, regardless of whether the project was actually completed or not. The architect testified that this latter section was marked out by representatives of the client.
The plans for the project were not completed during the time the certificate of need was valid. The State Health Department refused to extend the certificate. The architect contends the State refused to grant the extension because the nursing home failed to make capital expenditures prior to the expiration of the certificate. The nursing home, however, contends that the refusal to grant an extension was due to Anderton’s failure to finish the final plans satisfactorily.
Anderton brought suit seeking the reasonable value of the services he rendered— $49,690. The nursing home filed a counterclaim, alleging that Anderton’s failure to design acceptable plans caused the nursing home to lose the certificate of assurance and thus to forego the opportunity to construct the addition to the home.
The trial judge instructed the jury that it could render one of three verdicts. First, it could render a verdict in favor of the; plaintiff and against the defendant’s counterclaim. Second, the jury could render a verdict against the plaintiff and in favor of the defendant on its counterclaim. Finally, the jury could render a verdict denying relief to both parties. The judge did not instruct the jury that it could render a verdict both favorable to the plaintiff on his claim, and favorable to the defendant on its counterclaim. After giving the jury instructions, but before the jury retired, the judge asked the parties if there were “Anything further, gentlemen?” The attorneys for Eastwood Lands failed to object to the instructions at that time. The appellants reserved the objection until the case was on appeal. The jury returned a verdict in favor of the plaintiff, Anderton, assessing damages to be $49,690. The trial court denied the nursing home’s motion for a new trial and a corrected verdict. The nursing home appeals. We affirm conditionally.
The appellant, Eastwood Lands, Inc., contends that the trial court erred by failing to *249 give an instruction to the jury that it could render a verdict in favor of the plaintiff on its original claim and in favor of the defendant on its counterclaim in a breach of contract action. Furthermore, Eastwood Lands argues the trial court erred in denying its motion for a new trial.
We need not decide whether the trial court erred in failing to give the jury instruction because the appellant failed to object to the omission of the instruction. By failing to make a timely objection, the appellant waived the right to object. Eastwood Lands asserts that Rule 51, ARCP, does not require a party to object to the judge’s instruction in the presence of the jury. The appellants point to the language in Rule 51 which states “[opportunity shall be given to make the objection out of the hearing of the jury.” But a close reading of Rule 51 also reveals that a party must object to the giving of an incomplete charge “before the jury retires to consider its verdict.” See Bradley v. Jones, 282 Ala. 331, 211 So.2d 465 (1968). The appellant could have asked to speak to the judge out of the presence of the jury and raised the objection at that time. Thus, Eastwood Lands’ failure to object to the incomplete charge before the jury retired constitutes a waiver of the right to object.
Eastwood Lands also contends that the trial judge erred in failing to grant its motion for a new trial made pursuant to Rule 59, ARCP. As grounds for the motion for a new trial, the appellants assert that the discovery of the original copy of the contract is a ground for granting a new trial. A less legible photocopy of the contract was admitted into evidence at trial. Eastwood Lands contends it was unclear on the photocopy that § 6.1.2, dealing with payment of architectural fees, had been marked out. The appellant asserts that if the jury had seen the original, in which § 6.1.2 was clearly marked out, it could have awarded no damages. The criteria for granting a new trial based on newly discovered evidence are set out in Forest Investment Corp. v. Commercial Credit Corp., 271 Ala. 8, 122 So.2d 131 (1960). The criteria are:
(1) the evidence will change the result of the trial;
(2) the evidence has been discovered since trial;
(3) the evidence could not have been discovered by due diligence;
(4) the evidence is material;
(5) the evidence is not merely cumulative or impeaching.
Eastwood Lands introduced evidence at the trial establishing that § 6.1.2 was marked out, both by testimony and by introduction of the photocopy. Thus, the original copy of the contract is merely cumulative. Furthermore, there is no evidence that appellant exercised due diligence in discovering the original or that introduction of the original would change the result of the trial. The trial court properly refused to grant a new trial based on newly discovered evidence.
Eastwood Lands also asserts error by the trial court in its refusal to grant a new trial because the verdict is inconsistent with the evidence and against the clear weight of the evidence. The essence of the appellant’s contention is that the awarding of architect’s fees is contrary to § 14 of the contract. Section 14 provided that Ander-ton be paid a portion of the money expended on the building. Since no money was actually expended, Eastwood Lands suggests that Anderton should receive nothing under the contract. Nevertheless, part of the breach of contract claim, which the trial court explained to the jury in its instructions, is the contention that Eastwood Lands interfered with or prevented Ander-ton from completing all the conditions precedent to Eastwood Lands’ duty to pay for Anderton’s services. In so doing, the appellant waived the condition precedent of actually expending funds on the new wing. This court has held that if a promisor’s failure to cooperate in the performance of a condition under his or her control results in the nonoccurrence of the condition, the condition is waived. Barnes v. Atlantic & Pacific Life Insurance Co. of America, 295 *250 Ala. 149, 825 So.2d 143, answer conformed to in, 530 F.2d 98 (5th Cir. 1975). See Canyon Land Park, Inc. v. Riley, 575 F.2d 550 (5th Cir. 1978). Anderton presented evidence that the Board of Health’s refusal to extend the certificate of need was due to Eastwood Lands’ failure to find financial backing. The jury could reasonably believe this evidence and award damages to Ander-ton. The denial of a new trial by a trial court will not be reversed absent convincing evidence that the verdict is palpably wrong or unjust. Gilmer v. Salter, 285 Ala. 671, 235 So.2d 813 (1970); Lee v. Moore, 282 Ala. 461, 213 So.2d 197 (1968). There is no evidence that the trial court’s denial of a new trial was incorrect.
Finally, the appellant cites the trial court’s refusal to grant a new trial on the basis of excessive damages and an unjust verdict as error. The gist of Eastwood’s argument is the same as its argument that the verdict is against the weight of the evidence. The appellant argues that since it spent no money on the building, the contract prohibits the architect from recovering any damages. Thus, any award of damages is excessive. We find no merit to these contentions.
Eastwood Lands also argues that $770 of the damages were not the debts of Eastwood Lands, but of third parties. The appellant contends that Bibb v. Wilson, 379 So.2d 1254 (1980), mandates that a verdict granting an award of more damages than is consistent with the evidence must be set aside and a new trial granted. The rationale of Bibb v. Wilson is inapplicable to the present case. In that case, this Court held that if the undisputed evidence establishes that a plaintiff’s loss exceeds the amount of the jury’s verdict, a new trial may be granted. The correct remedy for excessive damages is remittitur. Code 1975, § 12-22-71. Since the record shows that $770 are debts incurred by the appellant’s tenant prior to the contract between Anderton and Eastwood Lands, we hold that Anderton must remit the $770 as a condition to an affirmance of the order denying appellant’s motion for new trial. In the event the appel-lee declines to file the required remittitur with the clerk of this Court within twenty-one days of this opinion, the judgment will be reversed and the cause remanded for a new trial. Otherwise, the judgment as corrected on remittitur will be affirmed.
AFFIRMED CONDITIONALLY.
ALMON, EMBRY, BEATTY and ADAMS, JJ., concur.