This appeal from a personal injury case alleges that the trial court committed error in denying the motion of the Joneses (plaintiffs/appellants) for a new trial because of improper conduct of jurors during the trial. Appellees admit that at least one juror took *Page 1382 
an unauthorized view of the scene of the accident and that the jurors discussed these observations and the evidence before the case was submitted to them.
On September 17, 1977, between 6:30 and 7:00 P.M., Von Edgar McMonigal was driving his automobile along the road through Twin Gates East Apartments in Birmingham when Brett A. Jones, a five year old boy, ran in front of his car and was hit. Brett Jones and his father sued Mr. McMonigal and Twin Gates Apartments, alleging negligence on the part of both defendants. At the trial of the case the jury returned a verdict for defendants and judgment was entered thereon.
The Joneses filed a motion for a new trial accompanied by affidavits from their attorney, Mr. Clark, and a juror, Mrs. Glasgow. These affidavits stated that two jurors had gone to the scene of the accident during the trial and that the jurors had discussed the case among themselves during recesses and at other times, before the case was submitted to them; Mrs. Glasgow also stated that, in her judgment, some of the jurors had reached a verdict in their minds, before the case was submitted, because of these discussions. The court held a hearing on the motion for new trial at which three jurors testified about these visits and discussions; the court, however, denied the motion.
While the jurors' conduct was improper, the law in Alabama is that such impropriety must indicate bias or corruption of the jurors or that the misconduct affected the verdict of the jurors before the denial of a motion for new trial becomes reversible error. Carr v. Irons, 288 Ala. 211, 259 So.2d 240
(1972); Hood v. Kelly, 285 Ala. 337, 231 So.2d 901 (1970);Blakeney v. Alabama Power Co., 222 Ala. 394, 133 So. 16 (1931). The record here indicates no bias or corruption, and the trial court could properly have concluded that the misconduct did not affect the verdict. Mrs. Glasgow's claim that the other jurors' verdict was affected by the views and discussions is contradicted by the testimony of the other jurors at the hearing. Allman v. Beam, 272 Ala. 110, 130 So.2d 194 (1961).
Because the record and the above-cited authorities support the decision of the trial court that the jurors' misconduct did not require a new trial, we affirm.
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.