ALMON, Justice.
This is an appeal from the granting of plaintiffs’ motion for new trial. The order granting the motion reads:
“This matter is submitted on a Motion for new Trial. The Motion is submitted on the affidavit of a juror, James T. Cardwell. The affidavit indicates that he and two other jurors took an unauthorized view of both the scene of the accident and the Plaintiffs’ vehicle. Mr. Cardwell also testified at the Motion for New Trial. Mr. Cardwell expressed the conclusion during his testimony on the Motion for New Trial that the unauthorized views had no effect on the ultimate outcome of the case and that such views were not taken with any improper motive on the part of the jury. The Court did not instruct the jury not to take such views.
“The Court does not find that the unauthorized views were taken with any improper or corrupt purpose but simply were efforts on the part of the jurors to ascertain the truth. Nevertheless, the views taken were unauthorized and the testimony of Mr. Cardwell indicates a distinct possibility that the conclusions he reached as a result of viewing the scene were different from the conclusions he would have reached based on the evidence. He suggested the view to the two other jurors, saying he wondered if the intersection had ‘changed that much.’ He did not testify as to the unauthorized view of the vehicle of the Plaintiffs, and in his affidavit he indicates that examination of fresh paint marks indicated to the three jurors the location of the damage on the vehicle. The Court concludes that the unauthorized views did in fact have some effect on the conclusions of the jury. They were not in any way accomplished under the supervision of the Court, nor did they duplicate pictorial or other evidence actually admitted in the trial.
“The Court therefore ORDERS a new trial in this case and orders the same to be restored to the docket.”
The judgment is affirmed on the authority of Whitten v. Allstate Ins. Co., 447 So.2d 655 (Ala.1984). See also, Hallmark v. Allison, 451 So.2d 270 (Ala.1984); Jones v. McMonigal, 409 So.2d 1381 (Ala.1982); Nichols v. Seaboard Coastline Ry., 341 So.2d 671 (Ala.1977); Allman v. Beam, 272 Ala. 110, 130 So.2d 194 (1961); Weekley v. Horn, 263 Ala. 364, 82 So.2d 341 (1955).
AFFIRMED.
TORBERT, C.J., and MADDOX, BEATTY, and HOUSTON, JJ., concur.