ROBERTSON, Presiding Judge.
Following a decision by the Board of Equalization and Adjustments of Jefferson County (Board), setting the value of the First Alabama Bank Building (building) in Birmingham at $14,195,780, First Alabama Bank (Bank) appealed for trial de novo from the Board’s decision, pursuant to the Expeditious and Economical Tax Appeals Act. Ala.Code of 1940 (Recomp.1958), Title 51, § 110(1).
Following the trial de novo in circuit court before a jury of three commissioners, the commissioners determined that the value of the building was $12,500,000. Following the decision of the commissioners, the trial court entered an order setting the fair market value of the subject property at $12,500,000. The Board then filed a motion for new trial, which was denied.
In its motion for new trial, the Board asserted, among other things, that the commissioners relied on extraneous facts in reaching their verdict. On appeal to this court, the Board reasserts that because the jury of commissioners relied on extraneous facts in reaching its verdict, the Board is entitled to a new trial.
Alabama adheres to the general rule that the “affidavits of jurors will not be accepted for the purpose of impeaching their own verdict.” Whitten v. Allstate Insurance Co., 447 So.2d 655, 657 (Ala.1984). However, this general rule does not apply if the affidavits show that extraneous facts were considered by the jurors which influenced the verdict. Whitten.
The affidavit of Commissioner Robert Ketchum, Jr., contained the following:
“One of the commissioners was a Mr. Coleman Daniel, III. Once in the jury room, Mr. Daniel related to us facts and circumstances surrounding the Bank for Savings building, a commercial property with which Mr. Daniel was presently working. We principally relied upon the information Mr. Daniel supplied in forming our verdict.”
From this affidavit, it would appear that one of the commissioners communicated extraneous facts concerning a building of which he had personal knowledge, but concerning which no evidence was offered at trial. Further, the affidavit indicates that the facts concerning the Bank for Savings *500 building heavily influenced the verdict of the commissioners.
The Bank asserts that remarks between jurors during deliberations, even though improper, do not classify as extraneous facts. Weekly v. Horn, 263 Ala. 364, 82 So.2d 341 (1955). Thus, the Bank contends that the affidavit should not be allowed to impeach the verdict of the commissioners.
However, in Weekly, the affidavit by which the appellant in that case sought to have the verdict impeached related facts concerning the debates entered into by the jury, during which one of the jurors remarked that the defendant had liability insurance.
Further, in Weekly, the court indicated that each case in which a litigant seeks to impeach a jury’s verdict due to the consideration of extraneous facts “must be decided in the light of attending circumstances.” Weekly at 366, 82 So.2d 341.
We find that the circumstances of this particular case require the grant of a new trial. Here, the jury of commissioners relied on facts not introduced at trial in reaching its verdict. Evidence was presented to the commissioners concerning the market value of buildings such as the First Alabama Bank Building. Although that evidence did not include information on the Bank for Savings Building, we find that the commissioners apparently relied on extraneous facts concerning that one building in reaching its valuation of the property, and the Board’s motion for new trial should have been granted.
In view of the above, the issue concerning alleged prejudicial remarks by the Bank’s attorney following the grant of a motion in limine is moot.
The remaining issue argued by the Board is whether property evaluation (fair market value) of leased property should be based upon “market rent” (fee simple) or “contract rent” when, as here, the property is burdened with a long-term lease at a rental rate below the present market rate. Apparently, this issue has not been addressed by our appellate courts before, and we find that the admissibility into evidence of a long-term lease to show a lower evaluation of lease property should be decided on a case by case basis.
Factors to be considered include the relationship between the owner/lessor and lessee, the lease contract itself and other comparable long-term leases, and the “market rent” at the time the lease contract was entered.
Having found that a new trial should have been granted, we reverse this case and remand it for further proceedings.
REVERSED AND REMANDED.
RUSSELL, J., concurs.
THIGPEN, J., concurs in part and dissents in part.