ROBERTSON, Presiding Judge.
Lake Forest is a residential development in Baldwin County that includes a number of common facilities, including two golf courses, four tennis courts, two swimming pools, stables, a yacht club, a marina, a clubhouse, three dining facilities, and all the grounds associated with each of these. The owner of these common areas is the Lake Forest Property Owners Association, Inc. (LFPOA). However, lot owners within Lake Forest pay mandatory assessments to LFPOA, which then, in turn, uses those monies to operate and maintain both the common areas and the entire subdivision.
The LFPOA appealed to the Circuit Court of Baldwin County following the decision of the Baldwin County Board of Equalization (Board) setting the value of the aforementioned common areas in Lake Forest for ad valorem tax purposes for the tax years 1987, 1988, and 1989. The LFPOA maintains that the valuation by the Board of these common elements is excessive, arbitrary, and unreasonable and, further, that the Board’s decision is inconsistent with the treatment afforded to other similarly situated property owners, and that the Board’s decision therefore has resulted in the denial of equal protection and due process to the LFPOA.
Following a trial at which evidence was presented ore tenus, the trial court found that it could not say as a matter of law or fact that the taxes being paid by the LFPOA on the common elements were excessive within the meaning of § 40-3-25, Code 1975, or that the ad valorem taxes for the property were inconsistent with those taxes charged to similar properties in Baldwin County.
The LFPOA then filed a motion for new trial, which was denied by the trial court. Following the trial court’s denial of its motion for new trial, the LFPOA appealed to our supreme court, which transferred the case to us.
Specifically, beginning in 1987 the Board has separately taxed the common areas within Lake Forest to the LFPOA. The LFPOA has contended that the values of these common areas should be included in the assessed valuation of each of the residential lots, rather than being taxed separately to the LFPOA.
On appeal, the LFPOA asserts three issues; however, we find its first issue, which is one of first impression in Alabama, to be dispositive. Specifically, *394 LFPOA maintains that this court must determine when it is permissible to (a) reduce the value of real property due to encumbrances, (b) ascribe the value of a servient interest to the dominant estate which it serves, and/or (c) consider an entire residential development as a whole for purposes of determining fair and equitable ad valorem taxation.
Although the LFPOA is correct in its assertion that this issue has not been previously considered by this court, we do note our recent decision of Jefferson County Board of Equalization & Adjustments v. First Alabama Bank, [Ms. 2900367, April 24, 1991], 1991 WL 64095 (Ala.Civ.App.1991). In that case, the First Alabama Bank Building, which was being valued for ad valorem tax purposes, was encumbered by a long-term lease. We determined in that case that, whether a long-term lease, which reflected a rental rate below the present market rate, could be introduced into evidence, should be decided on a case by case basis. In other words, this court has already recognized the peculiar problems presented when encumbered property is assessed for tax purposes.
Here, the property in question, the common areas, are not encumbered by a lease. Instead, they are encumbered due to the fact that each property owner in Lake Forest was granted an express easement for recreation, ingress and egress, lateral support, and vehicular parking as to the common areas.
Our research of the treatment of similar properties leads us to adopt the following rationale from a Florida case:
“An encumbrance or restriction such as an easement will not per se reduce the assessment value of land simply because the owner has been divested of some proprietary interest. This does not mean, however, that an assessment may be made without regard to the effect of an encumbrance on the value of the land. The encumbrance becomes one factor among many the assessor must consider in determining the just value of the property to be taxed.”
Department of Revenue v. Morganwoods Greentree, Inc., 341 So.2d 756, 758 (Fla.1977); see also, Schultz v. TM Florida-Ohio Realty, Ltd., 553 So.2d 1203 (Fla.1989). We find that in view of the mandate of § 40-7-15, Code 1975, which provides that “for the purpose of assessment, real ... property shall be assessed at its fair market value,” the assessment of the common areas must take into account the value of the encumbrances that the individual lot owners possess as to the golf courses, the tennis courts, the pools, the stables, the yacht club, the marina, the clubhouse, and the dining facilities.
This case is reversed and remanded to the trial court for reassessment of the property in question in a manner consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
THIGPEN and RUSSELL, JJ„ concur.