252 So.2d 93

**L. H. PRICKETT**

**v.**

**J. R. LITTLE.**

**4 Div. 31.**

Court of Civil Appeals of Alabama.

Aug. 25, 1971.

William J. Baxley, Atty. Gen., and Leslie Hall, Asst. Atty. Gen., for appellant.

Oliver W. Brantley, Troy, for appellee.

BRADLEY, Judge.

Action was commenced in the Circuit Court of Pike County by appellee Little, seeking damages from appellant Prickett, Holley, who was stricken as a party defendant prior to jury deliberation, and Gibson and Durden, who were also named as defendants. The complaint contained two counts alleging that the defendants' concurrent negligence was the proximate cause of his damages.

Prickett's demurrer to the amended complaint was overruled, as was the demurrer of Gibson and Durden. Thereafter, Prickett filed a plea of not guilty, and Durden and Gibson pled in short, etc.

Prior to the case going to the jury, the trial court announced that defendant Holley was being stricken as a defendant because service had not been had on him.

The jury returned a verdict in favor of plaintiff Little and against defendants Prickett, Gibson and Durden for $2,500.00. Prickett appealed from the verdict and judgment, and the judgment denying his motion for new trial.

The evidence tended to show that appellant Prickett, who was a transfer agent for the Alabama Board of Corrections, was, on March 3, 1967, riding in a prison van with about thirteen convicts. The van was being driven by a convict by the name

of Holley. The van was used to transport prisoners from the various jails in the State to the prisons operated by the State Board of Corrections.

On this day, while traveling through Troy, Alabama, on U.S. Highway 231, the van came upon a trailer truck loaded with logs, headed north on U.S. 231 toward Montgomery, the same direction in which the van was traveling.

The van followed the log truck for some distance until it was in a position to pass.

The testimony from the appellant tended to show that the van passed the log truck and a "shiny" panel truck before getting back in its northbound traffic lane.

The appellant stated that his attention to what was happening back of the van was obtained by a statement from Holley to the effect that, "he isn't going to make it."

Upon this statement being made, Prickett stated that he looked in the rearview mirror on the driver's side of the van and saw the log truck going off the road and crashing into a truck which had just pulled into a Shell Service Station adjacent to the roadway.

The appellant stated the van was about 100 yards in front of the log truck when the log truck went off the road, and since the van was not involved in the collision and was loaded with prisoners, he did not have it stop.

Gibson, who was driving the log truck at the time of the collision, testified that he observed the prison van behind him, and that it attempted to pass him several times, but could not due to oncoming traffic. Then, when he got to the place in question, the van did start around him, cutting sharply in front of him because of oncoming traffic, forcing his truck off the roadway, and because of the load and speed, he could not bring the truck back on the highway before it collided with Little's truck in front of the Shell Service Station.

The operator of Little's truck stated that just before he turned into the Shell Station he observed a "shiny body panel truck" passing the log truck. Shortly thereafter, his truck was struck by the log truck.

Both Prickett and Gibson testified that the prison van was dark green.

Appellant makes five assignments of error.

Assignment of Error One is premised on the trial court's action in overruling the appellant's demurrer.

Although there were eight grounds of demurrer, only the eighth ground was argued in brief.

Ground Eight of the demurrer avers that Little's complaint alleges an impossible situation; i. e., "that the defendants L. H. Prickett and Clarence E. Holley, were driving the same motor truck at one and the same time." The questionable part of the complaint is as follows:

"* * * a motor truck was being driven by the defendants L. H. Prickett and Clarence E. Holley, * * *."

Appellant argues that the complaint alleges that Prickett and Holley were both driving the van at the time of the collision, which, he contends, is an impossibility. Yet the authority cited by appellant does not support the argument made that an impossible situation was alleged.

Appellee Little replies by saying that the allegation is not bad because it comes within the authority of Title 7, Section 217(1), Code of Alabama 1940, as Recompiled 1958, which provides:

"Proof that act was committed by agent, etc., sustains allegation that act was committed by party.—In any civil action it shall be permissible to allege in any pleading that any party or parties committed an act, and proof that any such party or parties committed such act by or through an agent, servant or employee acting within the line and scope of his employment shall be sufficient proof of such allegation, subject, however, to the

right of the party or parties against whom such testimony is offered to thereupon plead the statute of limitations which might have been applicable to the case made by the evidence offered."

The Supreme Court said in Aggregate Limestone Co. v. Robison, 276 Ala. 338, 161 So.2d 820:

" * * * The plain meaning of this is that where proof that an agent committed an intentional, wanton, or negligent act while in the line and scope of his employment, liability for such act would be imputed to the principal, regardless of the actual participation of the principal in the intentional, wanton or negl'gent act or omission under the doctrine of respondeat superior. * * *" (276 Ala. at page 342, 161 So.2d at page 824)

Appellee Little seems to say that even though the complaint avers that the prison van was being "driven by" Prickett and Holley at the time of the collision, the proof showed that Holley was the actual driver and Prickett was in control of the driver at the time of the collision, which does satisfy the requirements of Section 217(1), supra.

Before getting into appellee Little's argument, we would say that we disagree with appellant's argument on the impossibility contention for the reason that we do not believe that the complaint alleged an impossible situation; i. e., that the two named defendants could not drive the prison van at the same time. It goes without saying that such conduct is unlikely, but not impossible. It would be an evidentiary problem rather than an allegatory one.

As it developed in the instant case, the proof showed, if the jury wished to believe it, that Holley was in actual physical control of the prison van at the time in question, and Prickett was in overall charge and control of Holley.

Had Holley not been named in the complaint as a defendant, we would have had a classical Section 217(1) situation; for we think that Section 217(1) would have permitted Prickett to have been named in the complaint as the actor in the particular situation alleged and for the proof to show that Holley, the agent, was in fact the actor. This would have permitted a judgment to have been rendered against the principal—Prickett—on the strength of the acts of the agent, Holley.

Furthermore, we would comment that had the plaintiff desired to name the principal and agent as parties defendant, it would have been necessary, under Title 7, Section 176(1)–(6), Code of Alabama 1940, as Recompiled 1958, to have alleged that Prickett was the principal and Holley was the agent. And, had this been done, the jury necessarily would have had to render a verdict against the agent in order to render one against the principal. See Section 176(4), supra.

In the instant case no effort was made to cast the allegations of the complaint so as to bring it within the purview of the provisions of Section 176, supra.

Furthermore, we do not believe that the allegations of the present complaint brought it within the provisions of Section 217(1), supra, for the reason that Prickett and Holley were named as co-defendants; whereas the intent of Section 217(1) is to permit a party to be named in the complaint as the actor and then allow the proof to show the acts alleged to have been committed by the named party were actually committed by an agent.

In the instant case, Prickett and Holley were named as co-defendants, and there was no indication from the complaint that the theory of recovery was upon that of Respondeat Superior or that proof would proceed in accordance with Section 217(1), supra.

For the reasons stated, we do not believe that the trial court committed error in overruling the demurrer of the appellant.

■ .Appellant's Assignment of Error Three asserts that the trial court erred in not giving to the jury his written requested affirmative charge without hypothesis.

In argument of this contention, appellant says there was no evidence connecting him with the driver of the van so that the driver's negligence could be imputed to him.

We disagree.

There was testimony from Prickett himself that he was in charge of the van and told the driver of it where and when to go.

And, inasmuch as Alabama still abides by the scintilla rule, we consider that rule as having been satisfied by the evidence in the instant case. No error here.

Appellant, in his Assignment of Error Two, says that the trial court erred in overruling his motion for a new trial.

There were six grounds of the motion for new trial.

However, appellant argues only that there was no evidence, or insufficient evidence to support a finding by the jury that appellant was in control of the prison van and the driver thereof, so as to be liable for the driver's acts.

We conclude from this argument that appellant is relying on the grounds in the motion for new trial asserting that the verdict of the jury was contrary to the evidence and the great preponderance of the evidence.

■ No ground of a motion for new trial is more carefully considered than one asserting that the evidence does not support the verdict. Johnson v. Howard, 279 Ala. 16, 181 So.2d 85.

■ Furthermore, where the motion has been overruled by the trial court, the presumption that the verdict is supported by the evidence is strengthened. Grandquest v. Williams, 273 Ala. 140, 135 So.2d 391. In the instant case the motion was overruled.

■ If the verdict is supported by creditable evidence, the trial court will not be placed in error for overruling a motion for new trial on the ground that the verdict was against the evidence. Southern Apartments, Inc. v. Emmett, 269 Ala. 584, 114 So.2d 453.

■ We find that there was sufficient evidence, if believed, that the appellant had the control and supervision of the driver of the prison van. Apparently the jury believed it, because it found against the appellant. The trial court did not err by overruling the motion for new trial.

■ In his Assignment of Error Five, appellant asserts and argues that the trial court erred in its oral charge to the jury by assuming that appellant had superintendence and control over the driver of the prison van.

This assignment of error must fail for the reason that appellant did not except to any portion of the trial court's oral charge to the jury.

■ To place the trial court in error for its oral charge, or any portion thereof, an exception must be taken pointing out the particular part of the charge to which objection is made. Alabama Power Co. v. Scholz, 283 Ala. 232, 215 So.2d 447.

There was no exception to the court's oral charge by appellant. In fact, at the conclusion of the charge the court asked appellant if he had any objections, and he replied: "Satisfied." No error here.

Assignment of Error Four asserts that the, "Court erred in that there is no evidence to support the finding and judgment against the appellant."

■ Such an assignment as this presents nothing for review in the appellate court, unless the ground has been presented

to the trial court in a motion for new trial. City of Mobile v. Cunningham, 46 Ala.App. 461, 243 So.2d 723.

The same ground and argument were presented in support of the ruling on the motion for new trial. That argument has been determined adversely to the appellant by this court.

No reversible error having been argued, this case is affirmed.

Affirmed.