268 So.2d 837

**Roland JACKSON**

v.

**Geneva BROWN.**

**Civ. 13.**

Court of Civil Appeals of Alabama.

Nov. 1, 1972.

Bankhead, Petree & Savage, Jasper, for appellant.

James E. Wilson, Jasper, for appellee.

HOLMES, Justice.

This is an appeal by appellant, Roland Jackson, from a judgment in favor of plaintiff-appellee, Geneva Brown, against the appellant in the amount of $7,000.

The appellee filed suit in the Circuit Court of Walker County, Alabama, the complaint consisting of two counts. Count One claimed damages for personal injuries and property damage based on the appellant's alleged negligent operation of a motor vehicle. Count Two alleged wanton conduct in the operation of a motor vehicle. The parties reached issue by a plea in short by consent and the case was submitted to the jury under Count One of the complaint, the court giving the general affirmative charge to Count Two.

The trial court overruled appellant's motion for new trial, and appellant assigned this ruling as error.

It is not necessary to the opinion to set out all the evidence, however the following is noted:

Appellee testified to the effect that she first saw appellant's car at a distance of three car lengths coming toward appellee on appellee's side of the road. Appellee stated she blew her horn and pulled over right and stopped; however, the front of appellant's automobile collided with the front of appellee's automobile. At the time of impact appellee's head hit the windshield and broke it. Appellee further testified that she had never been in an auto wreck before and her head and face had never been injured; that she received one cut on her face requiring thirty-six stitches and had two or three stitches taken in her left knee; that her right arm hurt and she suffered with her back; and that a couple of teeth were cracked.

Appellee was taken to the hospital immediately after the wreck, the hospital records being introduced into evidence without objection.

Appellee also stated she lost four weeks from her employment as a result of the wreck, and that she gave the job up after returning to work for two weeks because she was unable to do her work. During this period of time appellee went to a doctor several times and also went to an eye specialist for her left eye. Appellee stated she had headaches and that there was an area of numbness in the general area of the scar over her left eye and she further

stated she was not able to do the house-work that she could do before the wreck.

Appellee's further testimony was that her medical bills included $35 for one doctor, $60 plus for the hospital, and $30 for the eye specialist. She testified that she continued to have headaches resulting, in her opinion, from the wreck and had spent $300 or $400 for headache medicine in the past three and one-half years. Appellee further testified that in her opinion the market value of her car immediately before the accident was $1,300 to $1,350 and that the automobile was worth nothing immediately after the accident.

Witnesses for appellee, an investigating police officer of the accident, and a passenger in the vehicle of the appellee at the time of the accident, testified to the effect that appellant was on appellee's side of the road when the accident occurred.

Appellant testified that when the accident occurred he was on the way to the store with his four grandchildren riding in the back seat. Appellant stated he saw two little children run across the road and behind a parked car located on his side of the road; that he pulled around the parked car while watching for the children; that when he looked ahead from looking toward the parked car, appellee's car was right in his face going, in his judgment, forty to fifty miles per hour; and that he was only going about twenty miles per hour. Appellant further stated that when he came around the parked car he did not get completely back on his side of the road and didn't have time to get out of appellee's way.

The deposition of Dr. J. S. Camp was introduced into evidence by agreement of counsel and read to the jury in question and answer form. Dr. Camp testified that he was licensed to practice medicine in Alabama and had been so practicing in Walker County since 1933. Dr. Camp testified that he had treated appellee at Peoples Hospital in Jasper, Alabama, for injuries sustained in an automobile accident. Dr. Camp stated he treated appellee for lacerations of her forehead and knee, and complaint of headache, and that he saw appellee, who was complaining of headaches, four or five times at weekly intervals, subsequent to the accident. Dr. Camp also stated that he thought his fee for professional services was $35.

Appellant assigns some ten assignments of error of which two are argued and may be categorized as follows: Assignment of Error 1, Ground 6, and Assignment of Error 8 contend that the trial court erred in overruling appellant's motion for a new trial for that the court erred in its ruling on the evidence, to wit, overruling appellant's objection to the following question propounded to the appellee: "In your judgment is that a reasonable amount for these bills?"

Assignment of Error 1, Grounds 23, 24, and 25, contends that the trial court erred in overruling appellant's motion for a new trial for that the appellant was irreparably harmed and prejudiced by the jury's discussion of liability insurance in that the appellant was covered by liability insurance and that the insurance company would be responsible for any verdict rendered, was openly discussed in the jury room.

Assignment of Error 1, Grounds 1, 2, 3, 11, 12, 13, 14, and 15, contends the court erred in overruling appellant's motion for a new trial for that the verdict of the jury was contrary to the preponderance of the evidence and that the verdict of the jury was so excessive as to indicate passion, prejudice, corruption or mistake.

As noted earlier, appellant's argument to Assignment of Error 1, Ground 6, and as to Assignment of Error 8, concerns the ruling of the trial court in allowing testimony by the appellant, a woman with a high school education and who had an employment background of sales clerk and maid, to express an opinion or judgment regarding the reasonableness of her doctor and hospital bills. The transcript

reveals the following examination relative to the question at hand:

"Q. To bring us back up to date, I believe you testified Dr. Camp's bill was thirty-five dollars?

"A. That's right.

"Q. The hospital bill was sixty dollars?

"A. Yes.

"Q. And the eye specialist was thirty dollars, is that right?

"A. That's right.

"Q. In your judgment is that a reasonable amount for these bills?

"MR. SAVAGE: I object to that if the Court please. This witness is not qualified to prove reasonableness of medical bills in Walker County, Alabama.

"COURT: Overrule the objection.

"MR. SAVAGE: Except.

"COURT: You may answer if you know in your opinion and your judgment.

"WITNESS: I think it is."

Appellant's able counsel correctly states the law that testimony of reasonableness in regard to charges for surgical, medical or hospital bills does not concern subject matter of common knowledge, but that testimony of reasonableness in regard to charges for surgical, medical or hospital bills is a matter for expert opinion. Birmingham Amusement Co. v. Norris, 216 Ala. 138, 112 So. 633, 53 A.L.R. 840; Foodtown Stores, Inc. v. Patterson, 282 Ala. 477, 213 So.2d 211.

It is further the law in Alabama that before a jury may properly consider medical expenses such expenses must be proved to be reasonable. Aplin v. Dean, 231 Ala. 320, 164 So. 737. The record shows that appellee was not qualified as an expert relative to the reasonableness of the charges in question.

Therefore, this court finds the trial court's ruling on the aforementioned objection to be error.

In regard to the hospital charges, the trial court's ruling is considered error without injury (Rule 45, Revised Rules of the Supreme Court of Alabama) as the reasonableness of the amount was thereafter proved. We note in particular on page 142 of the record the following affidavit:

"CERTIFICATE

"I, Celeste Hagood, hereby certify and, affirm in writing that I am custodian of the records People[s] Hospital, a hospital organized and operated pursuant to or under the laws of Alabama, located at Jasper Alabama, and that I am custodian of the hospital records of said hospital and that the within copy of said hospital records are an exact, full, true and correct copy of said hospital records pertaining to Geneva Brown.

"I further certify that I am familiar with and know, and knew when made and charged, the reasonable value and price for the various charges made and shown in said hospital records pertaining to Geneva Brown and that said charges are in my judgment just, reasonable and proper and in keeping with those generally charged in the county and community where said hospital is located.

"All of which I hereby certify and affirm on this 22 day of January 1970.

"(Signed) Celeste Hagood",

which accompanied the entire hospital record of appellee. This affidavit follows the one prescribed in Tit. 7, § 383(1), Code of Alabama 1940. The affidavit, being a part of the hospital record introduced into evidence without objection, does, to this court, show that there was evidence of the reasonableness of the hospital charges, which charges thus were properly before the jury for their consideration as elements of damages.

However, this court finds that the medical expenses other than the hospital charges were improperly before the jury for their consideration as elements of damages, as these expenses were not shown to be reasonable, and they are outside the realm of common knowledge.

■ As was pointed out in *Aplin, supra,* before a jury may award as damages expenses paid for matters not of common knowledge, the plaintiff must prove both the amount paid or due to be paid and the reasonableness thereof.

■ However, we do not think it necessary to reverse the case and grant a new trial if the appellee will make a remittitur of the following amounts: $35 bill of Dr. Camp, and $30 bill of eye specialist. This is a total of $65, and we feel that the judgment is excessive to this extent.

We note Foodtown Stores, Inc. v. Patterson, *supra,* wherein Mr. Justice Kohn stated:

"Although there was evidence to support the award of damages for medical, doctor and hospital bills, this evidence was not supported by evidence of reasonableness of such expenses. We hold, therefore, that a remittitur of these damages is proper, rather than a remand for a new trial. This view has been upheld in other jurisdictions. Chicago, R. I. & P. Railroad Co. v. Batsel, 100 Ark. 526, 140 S.W. 726; . . ." (282 Ala. at 484, 213 So.2d at 218)

■ Appellant argues in Assignment of Error 1, Grounds 23, 24, and 25, that the trial court erred and is due to be reversed for not granting the motion for new trial where it was shown by affidavit and testimony of juror at the hearing on motion for new trial that the jury had discussed in the jury room that the appellant had liability insurance which would pay any verdict or judgment rendered against him, and such discussion was grossly improper and highly prejudicial.

The record discloses no comment by counsel in argument and no attempt to introduce evidence showing to the jury that the appellant's liability insurance would sustain and be responsible for any verdict rendered against appellant. In this instance the rule in Weekley v. Horn, 263 Ala. 364, 82 So.2d 341, followed by this court in Jacoway v. Wright, 45 Ala.App. 545, 233 So.2d 240, states that affidavits of jurors will not be accepted for the purpose of impeaching their own verdict except when the affidavits tend to show the extraneous facts which have influenced the verdict, but that remarks between jurors during deliberation, even though improper, are not such extraneous facts.

In the instant case, the remarks were solely between jurors. Mr. Justice Mayfield, in *Weekley, supra,* stated: "Our prior opinions clearly establish that remarks between jurors during their deliberation, even though improper, are not such *extraneous facts."* See also Ala. Fuel & Iron Co. v. Powaski, 232 Ala. 66, 166 So. 782.

In this instance we agree with appellant's well reasoned argument that the remarks made between the jurors are improper and have no place in thoughtful deliberation; however, under the law their verdict may not be impeached because of them.

Appellant further asserts (Assignment of Error 1, Grounds 2, 3, 11, 12, 13, 14, and 15) that the trial court was in error in overruling the motion for a new trial because the verdict of the jury was contrary to the preponderance of the evidence and that the verdict of the jury was so excessive as to indicate passion, prejudice, corruption or mistake.

■ Where there is evidence which, if believed, justified the verdict, the motion for new trial is properly overruled. Johnson v. Louisville & Nashville R. Co., 240 Ala. 219, 198 So. 350; Kurn v. Counts, 247 Ala. 129, 22 So.2d 725. Verdicts are presumed to be correct and no ground of new

trial is more carefully scrutinized or more rigidly limited than that the verdict is against the evidence. Cobb v. Malone, 92 Ala. 630, 9 So. 738; Rayburn v. Crocker, 31 Ala.App. 542, 19 So.2d 554; Prickett v. Little, 47 Ala.App. 166, 252 So.2d 93.

It is further recognized by this court that when the trial judge refuses, as here, to grant a new trial, the presumption in favor of the correctness of the verdict is strengthened. Vester J. Thompson, Jr., Inc. v. Shelton, 277 Ala. 148, 167 So.2d 715; Perkins v. Reynolds Const. Co., 46 Ala.App. 611, 247 So.2d 118. After allowing all reasonable presumptions in favor of the correctness of the verdict, it is submitted that the preponderance of the evidence is not so as to clearly convince that it is wrong or unjust.

 In considering appellant's contention we are mindful of the following: Compensatory damages for pain and mental suffering cannot be measured by any yardstick. Austin v. Tennessee Biscuit Co., 255 Ala. 573, 52 So.2d 190. Where quantum of damages is not susceptible of an exact pecuniary estimate, amount to be allowed rests largely in discretion of jury. Summerlin v. Robinson, 42 Ala.App. 116, 154 So.2d 685. Damages for physical pain and mental anguish are in large measure discretionary and the rule is not to reverse on that account unless amount is so excessive or inadequate as to indicate prejudice, passion, partiality or corruption. Pizitz Dry Goods Co. v. Harris, 270 Ala. 390, 118 So.2d 727. We cannot say that under the facts of this case as presented by the record the verdict is excessive.

All assignments of error properly presented having been considered and the above being dispositive of the case, a judgment will be entered here, in Civ. 13, that unless the appellee, Geneva Brown, files a remittitur of the amount of the judgment of the trial court in excess of $6,935 with the clerk of this court within thirty days, as provided by Tit. 7, § 811, Code of Alabama 1940, the judgment of the trial court shall be reversed and remanded. If such remittitur is duly filed, the amount of the judgment shall be reduced to $6,935; the cause shall stand affirmed; and a judgment shall be entered here for the appellee, Geneva Brown, for $6,935, with interest from the date of the rendition of the judgment in the trial court.

Affirmed conditionally.

WRIGHT, P. J., and BRADLEY, J., concur.