This case involves the conversion of estate property.
Mrs. Ruby L. Weinberg, mother of Jerome B. Weinberg (guardian) and David R. Weinberg, was declared to be of unsound mind (non compos mentis) on June 29, 1979, by the Jefferson County Probate Court. Jerome was appointed guardian of the estate and has remained so as of the date of trial.
Prior to this event, Mrs. Weinberg had for several years been a widow. David lived with her. During the years following his father's death, David had used a substantial portion of Mrs. Weinberg's estate to invest in real estate. Although purchased with his mother's money, the title to all but one parcel was taken in David's name. David was sued for recovery of the property. In November 1979, an order was entered by the Jefferson County Equity Court requiring him to transfer title to thirteen parcels of real estate to the guardian for the estate of Mrs. Weinberg. He was also required to transfer and assign seven bank accounts to the guardian. One of these was a First National Bank of Birmingham account, number 155-2090, the subject of the case sub judice. The parties to the suit thereafter signed mutual releases.
On May 21, 1980, a check was drawn by David on the above account for the balance of $371.62. It was signed by Mrs. Weinberg and made payable to David. At the time, Mrs. Weinberg remained under the disability of non compos mentis.
The guardian initiated a suit to recover the money in the Jefferson County District Court. Following the entry of judgment in favor of the guardian, David appealed to circuit court for a trial de novo. The case was tried before a jury and at the close of all the evidence, the court charged the jury to return a verdict for the guardian and against David on the conversion claim, as well as David's counterclaim, charging mismanagement of the ward's estate by the guardian.
David's first contention on appeal is that the release signed in 1979 bars any action on this checking account. However, it is noted that the release pertained to events prior to the date of the order and the check was written on May 21, 1980.
David, on motion for new trial, charged that the verdict was contrary to the evidence. A motion for new trial on the grounds that the judgment is against the weight of the evidence is properly overruled when there is evidence presented which, if believed, supports the verdict. Deal v. Johnson, 362 So.2d 214
(Ala. 1978); Jackson v. Brown, 49 Ala. App. 55, 268 So.2d 837
(1972). We find sufficient evidence in the facts set forth above.
Finally, David contends the judgment is void because an indispensable party was absent from the action. More specifically, he contends a guardian ad litem or next friend should have been joined to represent the mother and to show that the guardian of the estate was guilty of mismanagement, waste and neglect. All attempts to raise this issue at trial were ruled irrelevant to the conversion issue.
We find the counterclaim charging mismanagement of the estate does not arise out of the same transaction and occurrence that is the subject matter of the guardian's claim. Rule 13 (b), A.R.Civ.P. It is therefore a permissive counterclaim which can be denied at the trial court's discretion. T.J. Stevenson Co.v. 81,193 Bags of Flour, 629 F.2d 338 (5th Cir. 1980). We find no abuse of discretion here, and this case is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur. *Page 1352