HOLMES, Judge.
The plaintiff appeals, contending that the trial court’s award of damages is inadequate.
The plaintiff sued the defendant for injuries he received when the defendant shot him in the leg. Following an ore tenus trial, the circuit court entered a judgment for the plaintiff in the amount of $7,500.
As indicated, the plaintiff appeals, contending primarily that the trial court’s award of $7,500 was inadequate in light of the evidence. We affirm.
The plaintiff contends that he presented evidence establishing that he suffered a substantial injury as a result of the defendant’s assault and battery and that he is, therefore, entitled to a substantial award of damages.
Our review of the record indicates that the plaintiff introduced evidence showing that he was injured, hospitalized, and treated for his injuries. It does not appear, however, that the plaintiff’s evidence proved that his damages for the medical expenses arising from his injury were in excess of the award to him by the trial court.
Although the trial court admitted into evidence the plaintiff’s hospital bills or statements arising from the injury, such admission was for the limited purpose of proving the fact of the plaintiff’s injury and hospitalization because there was no accompanying proof of the reasonableness and necessity of such medical expenses. The law is well established in this state that, to recover for medical expenses, the plaintiff must prove that such expenses are reasonable. Alpin v. Dean, 231 Ala. 320, 164 So. 737 (1935); Jackson v. Brown, 49 Ala.App. 55, 268 So.2d 837 (Ala.Civ.App.1972).
Because the evidence was presented to the trial court ore tenus, its judgment is presumed to be correct and will not be set aside on appeal unless it is palpably erroneous or without supporting evidence. Clardy v. Capital City Asphalt Co., 477 So.2d 350 (Ala.1985); see DeBuys v. Jefferson County, 511 So.2d 196 (Ala.Civ.App.1987). Our review of the record does not indicate that the trial court’s award to the plaintiff of $7,500 in damages was palpably wrong.
The plaintiff also contends on appeal that the trial court erred in admitting alleged hearsay into evidence. It appears to this court that such testimony was introduced by the defendant to show that he should not be held liable to the plaintiff. Since the defendant was judged by the trial court to be liable to the plaintiff, however, it would appear that, if error occurred in admitting the alleged hearsay into evidence, such error would be without injury to the plaintiff and, therefore, could not serve as a ground for reversal. Rule 45, Alabama Rules of Civil Procedure. Such is particularly the case where the subject of this appeal does not even concern the defendant’s liability, but, rather, the amount of the plaintiff’s damages. Cf. Lartigue v. Fleming, 489 So.2d 583 (Ala.Civ.App.1986).
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.