I dissent. *Page 661 
Jones v. McMonigal, 409 So.2d 1381 (Ala. 1982), is a correct statement of the law and should not be overruled or even modified as held by the majority.
The evidence and logic used by the majority to reverse the ruling of the trial judge in this case are less than substantial. Moreover, to reverse the trial judge in this case is a message to him that "Whatever you did at the trial with facts and evidence, we can do it better."
The majority premises its holding on the affidavit of Elizabeth Ann Armstrong and the testimony of Patricia Jordan and Connie Bailey. The majority states that these jurors were influenced to change their decision by a visit to the scene of the accident.
Connie Bailey's testimony does not reveal that her visit to the scene affected her decision at all. On the contrary she testified that she followed the trial judge's instructions, and that the scene of the accident was substantially the same as the scene presented by the photographs. Patricia Ann Jordan, who also visited the scene of the accident, stated categorically in her testimony at her hearing on the post-trial motion that her visit to the scene did not have any effect on her decision.
The majority further states, "Several other jurors stated in their affidavits that their decision was based upon the evidence presented in the case and they were not influenced by the discussions among the jurors of the unauthorized views." I do not know how to count "several" in arriving at the number 12, but jurors Bibeau, Ferguson, Fox, and Hayes must have been among those counted. They testified they were not affected. I do not know whether Annette Collins, who also visited the scene of the accident with Connie Bailey and Patricia Jordan, was affected by the visit. There is no mention of her by the majority.
So, two out of the three jurors who visited the scene of the accident testified at the motion for new trial that their decision was not affected by their visit. It is not known whether the third visitor was affected. That brings me to the affidavit of Elizabeth Ann Armstrong. In the stark reality of the testimony of Patricia Jordan and Connie Bailey that they were not affected by their visit to the scene of the accident, Ms. Armstrong stated, "They [the jurors who viewed the scene] further said that their visit to the scene caused them to change their opinion about the case." Obviously, Ms. Armstrong must not have been aware of the testimony of visitors Jordan and Bailey. She says that their discussions with her caused her to change her decision. It appears to be strange indeed, that she changed her decision, and yet Jordan and Bailey did not change theirs.
There is simply not sufficient evidence to support the majority's conclusion that there was any bias or prejudice on the part of the jurors in reaching their verdict. There is not sufficient evidence that their verdict was affected by the jurors' visit to the scene. The trial judge was certainly in a better position to weigh the evidence and to determine whether there was any bias or prejudice because of the misconduct of the three jurors, and I do not think he committed error by overruling the motion for new trial. I would affirm.