Roberts Health Care, Inc. ("Roberts"), and Regency Oaks Health Care Facility, Inc. ("Regency"), appeal from a circuit court judgment in favor of the State Health Planning and Development Agency ("SHPDA") that terminated the certificate of need ("CON")[1] SHPDA had awarded Roberts to construct a nursing home in Madison County. We reverse and remand.
 I.
The history of this case is a labyrinth of interaction between Roberts, Regency, and SHPDA. Accordingly, the following discussion, although lengthy, is only a summary of the events. On August 11, 1993, SHPDA issued a CON to Roberts to construct a 71-bed skilled nursing facility in Madison County. The project was to be a joint venture between Roberts and Regency. A CON generally has a 12-month duration, but SHPDA may grant the holder of a CON a 12-month extension. SHPDA Rules and Regs. § 410-1-11-.01. SHPDA granted Roberts such an extension; thus, Roberts's CON was to expire on August 10, 1995.
Early in 1995, Roberts obtained an oral promise for financing from a real estate investment trust; it later got that commitment in writing. Then, in April 1995, Roberts entered into a contract to purchase the property on which the nursing facility was to be built, and the then owner of the land sought a zoning change for the property. Roberts chose a contractor, but that contractor was later unable to proceed and Roberts was forced to find a replacement contractor. Roberts provided that contractor with drawings and specifications, and the parties entered into contract negotiations. Thereafter, in July 1995, SHPDA gave its first-stage approval for the project plan.
That same month, a controversy arose between Roberts and Regency regarding their joint venture agreement. On August 4, 1995, six days before the CON was to expire, Regency filed a complaint in the Madison Circuit Court against SHPDA and Roberts, seeking a judgment declaring the rights of all the parties in relation to the CON. The complaint contained a count for injunctive relief, seeking to delay the expiration of the CON under the tolling provision of SHPDA Rules and Regs. §410-1-11-.01, and seeking to prevent SHPDA from taking any action adverse to the rights of Roberts and Regency during the pendency of the litigation. Regency's complaint also sought damages against Roberts for breach of contract, breach of fiduciary duty, and tortious interference with business relations.
On August 8, two days before the CON was to expire, Roberts and its contractor entered into a standard American Institute of Architects ("AIA") contract for construction of the nursing home; that contract was filed with SHPDA the next day. The contract provided that if Roberts did not give Regency notice to proceed with construction, Roberts would pay $5,000 in liquidated damages. Roberts stated to SHPDA that it believed it had entered into a "firm commitment" or "obligation" that would "toll" the "running of the duration" of the CON, under SHPDA Rules and Regs. § 410-1-11-.01. *Page 108 
On August 9, Regency amended its complaint to add a count seeking the dissolution of the Regency and Roberts partnership. On August 28, Roberts's president met with Elbert Peters, SHPDA's executive director, and promised Peters that the nursing home project was continuing and would be completed as soon as the litigation was resolved. Peters did not inform Roberts at that time that it was SHPDA's position that the filing of Regency's complaint did not delay the expiration of the CON. Roberts answered the complaint and filed counterclaims against Regency, alleging breach of contract, breach of fiduciary duty, fraudulent misrepresentation, and fraudulent suppression and seeking a judgment declaring the rights of the various parties in relation to the CON.
In September 1995, SHPDA moved for a transfer of the action; the Madison Circuit Court transferred the case to the Montgomery Circuit Court. In October 1995, the Department of Public Health approved Roberts's chosen site for construction of a nursing home, and Roberts also obtained a zoning variance to allow construction of a nursing home. That same month, Roberts wrote its contractor and instructed the contractor to move a project trailer onto the site and to begin site preparation work. However, in the letter Roberts stated that its instruction to begin site preparation was not a notice to the contractor to proceed under the AIA construction contract they had entered into in August.
In November 1995, SHPDA answered Regency's complaint and opposed Regency's request for injunctive relief against SHPDA. SHPDA filed a counterclaim for declaratory relief against Regency, seeking a declaration that the Roberts CON was null and void. SHPDA also sought an order from the court requiring Roberts and Regency to cease any further construction of the nursing home.
On November 30, the Montgomery Circuit Court entered an order dismissing Regency's claim for injunctive relief. It also severed SHPDA's claims for declaratory and injunctive relief from the remaining claims brought by Regency and Roberts. The court maintained jurisdiction over SHPDA's claims and transferred the claims between Regency and Roberts to the Madison Circuit Court. Thereafter, SHPDA filed a cross-claim for declaratory relief against Roberts, seeking a ruling that the CON had expired.
In June 1996, the circuit court ruled that the filing of Regency's complaint did not delay the expiration of Roberts's CON. The court held that the action Regency had initiated was not the kind of legal or administrative action contemplated by SHPDA Rules and Regs. § 410-1-11-.01, and that the construction contract Roberts had entered into was not a "firm commitment" or "obligation," under § 410-1-11-.02. The court affirmed SHPDA's decision that Roberts's CON had expired, and it ruled that the CON was null and void. The court also enjoined any further construction on the project.
Roberts and Regency appealed to this Court and filed a motion with the circuit court for a stay of the judgment pending appeal. The circuit court granted the stay, but held that it did not have the power to aid the stay by enjoining SHPDA's CON review board from granting a CON to another health care provider to build the nursing home. Roberts and Regency then petitioned this Court for an injunction against SHPDA to aid the trial court's stay of the judgment. We granted the petition and ordered that SHPDA be enjoined from taking any further action relating to the awarding of nursing home space in Madison County pending this appeal.
 II.
This Court must determine whether the expiration of Roberts's CON, which would have occurred on August 10, 1995, was delayed, under SHPDA Rule 410-1-11-.01, by the complaint filed by Regency in the Madison Circuit Court against Roberts and SHPDAor, under Rule 410-1-11-.02, by the construction contract between Roberts and a construction contractor and by certain construction-related activities at the locality where the nursing home was to be built.
 III.
SHPDA Rules and Regs. § 410-1-11-.01, states, in relevant part: "The running of the *Page 109 
duration [of the CON] shall be tolled from the date of the filing of a complaint arising under § 22-21-260, et seq., Codeof Alabama, 1975, or other judicial proceeding until such case is dismissed from the judicial process." We must first determine whether Regency's August 4, 1995, complaint was "a complaint arising under § 22-21-260 et seq." or an "other judicial proceeding."
The trial court ruled that the action initiated by Regency's complaint was neither. Because the trial court's ruling on this issue was not dependent on any findings of fact, the ore tenus
standard of review is not applicable. See Ex parte Board ofZoning Adjustment of the City of Mobile, 636 So.2d 415
(Ala. 1994). Thus, our review involves a pure question of law, and our review is de novo. However, this Court will generally give deference to a state agency's interpretation of one of the regulations it has promulgated unless we determine that the agency's interpretation is plainly erroneous. Brunson Constr. Environmental Services, Inc. v. City of Prichard, 664 So.2d 885
(Ala. 1995).
 A.
Roberts's CON to build the 71-bed skilled nursing facility in Madison County was to expire on August 10, 1995. However, under SHPDA Rules and Regs. § 410-1-11-.01, the expiration of Roberts's CON was delayed on August 4, 1995, if Regency's complaint was a complaint arising under " § 22-21-260 et seq." The SHPDA rule reference to " § 22-21-260 et seq." is a reference to Article 9, Chapter 21, Title 22 of the Alabama Code of 1975. That article is entitled "Control and Regulation of Development of Certain Health Care Facilities."
Roberts and Regency argue that, because they say the count for declaratory relief in Regency's complaint sought to determine Regency's rights in relation to Roberts's CON, with regard to § 22-21-270(e),[2] the complaint arose under § 22-21-260
et seq. They also note that SHPDA's counterclaim for declaratory relief specifically stated that it was brought pursuant to § 22-21-276(a), a part of what the SHPDA rule calls § 22-21-260 et seq."
In response, SHPDA argues that Regency's complaint did not delay the expiration of Roberts's CON because, it says, the complaint did not involve § 22-21-276(a), which authorizes an action for injunctive relief against anyone violating SHPDA rules and regulations. SHPDA contends that Regency's complaint had nothing to do with SHPDA's issuance of the CON to Roberts, but was simply evidence of a business dispute between Regency and Roberts involving their joint venture agreement.
After studying the text of Regency's August 4, 1995, complaint, we conclude that it sufficiently alleged counts arising under § 22-21-260 et seq. Counts IV and V of the complaint stated:
"COUNT IV — DISSOLUTION
 "Regency asks that the Court declare the rights of the parties and . . ., in doing so, [invoke] the mandatory provisions of Chapter 410-1-11-.01
of the State Health Planning and Development Agency ('SHPDA') Administrative Code tolling the duration of Certificate of Need # 1472-EXT.
 "COUNT VI [sic; V] — INJUNCTIVE RELIEF
 "Regency has named SHPDA as a Defendant solely to preserve the rights of Regency, the rights of Roberts, and then rights of the Partnership under Certificate of Need # 1472-EXT. and asks that SHPDA be enjoined from taking any action adverse to those rights during the pendency of this litigation and for such reasonable time thereafter as may be required to comply with the requirements of law establishing the duration of that Certificate."
These counts asked the circuit court to declare the rights of Roberts and Regency in relation to the CON and sought an injunction *Page 110 
to prevent SHPDA from ruling that Roberts's CON had expired. Roberts and Regency correctly claim that Count IV of the complaint sufficiently relates to § 22-21-270(e) that the complaint may be taken as "a complaint arising under §22-21-260 et seq." This is true even though neither count specifically cited § 22-21-270(e). We find it clear that Count IV raised the issue of ownership rights in the CON; that issue directly involves application of § 22-21-270(e), a part of "§22-21-260 et seq."
In sum, we conclude that SHPDA's ruling that Regency's August 4, 1995, complaint was not "a complaint arising under §22-21-260 et seq." was based on a plainly erroneous interpretation of SHPDA Rules and Regs. § 410-1-11-.01. Thus, we need not defer to SHPDA's interpretation. In that light, we also conclude that the circuit court erred in affirming SHPDA's ruling that Roberts's CON expired on August 10, 1995. The expiration of the CON was delayed by the filing of Regency's complaint. Although our interpretation of SHPDA Rules and Regs. § 410-1-11-.01 may not be the one SHPDA intended, our ruling is based on a reading of the clear language of the SHPDA rule and Regency's complaint in relation to § 22-21-270(e).[3]
 B.
Given our holding that Regency's August 4, 1995, complaint was "a complaint arising under § 22-21-260 et seq.," it is not necessary for us to determine whether the complaint initiated an "other judicial proceeding," the alternative tolling provision of SHPDA Rules and Regs. § 410-1-11-.01. However, we think it clear that if we had not held that Regency's complaint was "a complaint arising under § 22-21-260 et seq.," then we would hold that Regency had initiated an "other judicial proceeding." SHPDA argued that the phrase "other judicial proceeding" in SHPDA Rules and Regs. § 410-1-11-.01, refers only to judicial proceedings relating to any case under §22-21-260 et seq., such as an administrative action under the Alabama Administrative Procedure Act, Ala. Code 1975, § 41-22-1
et seq.; a proceeding relating to SHPDA's revocation of a CON under SHPDA Rules and Regs. § 410-1-11-.04; or a petition in the circuit court for a writ of certiorari to have that court review the ruling of a fair hearing officer, from which there is no direct appeal. However, we believe SHPDA's interpretation of the phrase "other judicial proceeding" adds a limitation where none exists. Black's Law Dictionary (6th ed. 1990) defines "judicial proceeding" as "[a]ny proceeding wherein judicial action is invoked and taken." It is clear that the complaint Regency filed in the Madison Circuit Court initiated a judicial proceeding.
Given our holding here, we need not determine whether the running of the CON period was tolled by Roberts's actions in relation to SHPDA Rules and Regs. § 410-1-11-.02, i.e., whether Roberts had entered into a "firm commitment" or "obligation" to complete the project before August 10, 1995.
 IV.
We reverse the circuit court's judgment in favor of SHPDA, and we remand this cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
MADDOX, SHORES, HOUSTON, COOK, and SEE, JJ., concur.
HOOPER, C.J., recuses.
[1] Ala. Code 1975, § 22-21-265, states, in part:
"(a) On or after July 30, 1979, no person to which this article applies shall acquire, construct, or operate a new institutional health service, as defined in this article, or furnish or offer, or purport to furnish a new institutional health service, as defined in this article, or make an arrangement or commitment for financing the offering of a new institutional health service, unless the person shall first obtain from the SHPDA a certificate of need therefor."
[2] Ala. Code 1975, § 22-21-270(e), states:
 "A certificate of need shall not be transferable, assignable, or convertible and shall be valid solely to the person and purpose named thereon."
[3] We further note that although SHPDA's counterclaim for declaratory relief under § 22-21-276(a) is also "a complaint arising under § 22-21-260 et seq.," that counterclaim was filed on November 16, 1995. That date is more than three months after the date Roberts's CON was to expire; such a late-filed claim will not toll the running of a CON period of validity. *Page 111