847 So.2d 942 (2001)
AUBURN MEDICAL CENTER, INC.
v.
EAST ALABAMA HEALTH CARE AUTHORITY d/b/a East Alabama Medical Center.
2990162.
Court of Civil Appeals of Alabama.
May 11, 2001.
*943 Alvin T. Prestwood of Volz, Prestwood and Hanan, P.C., Montgomery; and Hugh V. Smith, Jr., Montgomery, for appellant.
James E. Williams of Melton, Espy, Williams & Hayes, P.C., Montgomery, for appellee.

On Application for Rehearing
PER CURIAM.
The opinion of December 22, 2000, is withdrawn, and the following is substituted therefor.
Auburn Medical Center, Inc. ("Auburn Medical") appeals from a summary judgment entered in favor of East Alabama Health Care Authority d/b/a East Alabama Medical Center ("EAMC").
On October 14, 1983, Auburn Medical filed an application for a certificate of need ("CON") with the State Health Planning and Development Agency ("SHPDA"), for the construction and operation of a 64-bed hospital in Auburn. On November 21, 1983, EAMC filed an application with SHPDA seeking approval of an additional 54 beds at its existing hospital. On January 10, 1984, SHPDA approved Auburn Medical's application for a CON. On May 17, 1984, however, SHPDA (comprised of newly appointed board members) held a hearing and reversed its previous ruling regarding Auburn Medical's CON, and simultaneously denied EAMC's request. On April 4, 1987, Auburn Medical sued EAMC and SHPDA in the United States District Court for the Middle District of Alabama, claiming essentially that EAMC and SHPDA had conspired to deprive it of its CON. Auburn Medical later dismissed EAMC from that federal action. The district court dismissed all of Auburn Medical's claims except its 42 U.S.C. § 1983 claim.
On August 24, 1988, the district court held that the May 17, 1984, SHPDA hearing had been a "sham" and that it had violated Auburn Medical's Fourteenth Amendment due-process right to an impartial tribunal. Pursuant to its authority under 28 U.S.C. § 2283, "The Anti-Injunction Act," the district court enjoined SHPDA from reconsidering Auburn Medical's application and ordered that the CON be reissued to Auburn Medical. In its order, the district court stated, "[T]his Court shall retain jurisdiction of this case until further order of this Court." The federal court noted it was denying EAMC's motion to intervene, but that there remained a state-law right of judicial review of SHPDA's decision to issue the CON. SHPDA appealed the district court's decision to the Eleventh Circuit Court of Appeals, which affirmed the district court's judgment.
On January 12, 1989, EAMC filed petitions for judicial review, pursuant to §§ 22-21-275(14) and 41-22-20, Ala.Code 1975, and § 410-1-7-01(22)(d) of the SHPDA Rules and Regulations (1979), in the Lee County Circuit Court and in the Montgomery County Circuit Court. Auburn Medical filed a motion in the United States district court to stay the state-court proceedings. The district court denied the motion to stay on March 16, 1990.
On March 23, 1990, the Montgomery County Circuit Court held that SHPDA's decision to grant Auburn Medical's CON was improper, and it remanded the case to SHPDA. Auburn Medical appealed to this court, which, in an opinion entered December 19, 1990, reversed the circuit court's decision and remanded the case. Auburn Medical Ctr., Inc. v. East Alabama Health Care Auth., 583 So.2d 1342 (Ala.Civ.App. 1991). EAMC then filed a petition for certiorari review with the Alabama Supreme Court; that court subsequently *944 quashed its writ as having been improvidently granted. Ex parte East Alabama Health Care Auth., 583 So.2d 1346 (Ala. 1991). EAMC then petitioned the United States Supreme Court for review, which was denied. East Alabama Health Care Auth. v. Auburn Medical Ctr., Inc., 503 U.S. 936, 112 S.Ct. 1474, 117 L.Ed.2d 618 (1992).
EAMC then filed a motion for clarification and enforcement, with the United States district court, asking that court to effectuate the judgment and injunction it had rendered on August 24, 1988. With its motion, EAMC asked the federal court to enter an order revoking Auburn Medical's CON and enjoining SHPDA from reissuing the CON until all parties had had the opportunity to request a fair hearing. In its motion, EAMC stated that the federal court had the authority to grant its requested relief.
On June 26, 1992, the federal district court noted that EAMC had litigated its position through the state courts and had petitioned the United States Supreme Court for review. Unsuccessful in its litigation in the state courts, EAMC then returned to the federal court, asking it to disregard the state court's resolution of the issues at hand. The district court stated in its order:
"The state court judgment in this case is final. As Parsons Steelf, Inc. v. First Alabama Bank, 474 U.S. 518, 106 S.Ct. 768, 88 L.Ed.2d 877 (1986),] makes clear, the state court determination after full litigation by the parties with regard to this Court's earlier judgment has a preclusive effect, pursuant to the Full Faith and Credit Act, upon this Court's ability to act as requested by East Alabama. Nor would any action of this Court be proper under the relitigation exception to the Anti-Injunction Act. In Parsons Steel, the Supreme Court stated that the relitigation exception to the Anti-Injunction Act applies only when the state court has not yet ruled on the merits of the issue at hand: `Once the state court has finally rejected a claim of res judicata, then the Full Faith and Credit Act becomes applicable and federal courts must turn to state law to determine the preclusive effect of the state court's decision.' 474 U.S. at 524. In this case, there has been a final adjudication in state court as to the rights of the parties and such adjudication must be given full faith and credit by this Court."
On December 7, 1992, SHPDA approved Auburn Medical's request for a project modification, because changes had occurred in the hospital industry since the original CON was granted in 1983, with a termination date for the CON of December 6, 1993. On November 2, 1993, Auburn Medical entered into a construction contract with The Robins and Morton Group.[1] On November 4, 1993, Auburn Medical informed SHPDA that it had a contract for the construction of the hospital in compliance with §§ 410-1-2-.13 and 410-1-11-.02 of the SHPDA rules and regulations. Auburn Medical filed a letter with SHPDA, stating that the project architect was ready to begin construction on the hospital as of April 28, 1994.[2] On August 15, 1994, SHPDA sent Auburn Medical a letter advising it that the construction contract met the requirement of *945 a firm commitment and obligation to go forward with such project. The letter also advised Auburn Medical that the CON was extended for 12 months and that the terms of the contract, including the time frames, were between Auburn Medical and The Robins and Morton Group.
On November 9, 1994, EAMC, through its partner, Health Horizons, Inc., applied for a CON to construct and operate an ambulatory surgery center in Auburn. On October 23, 1996, while its own CON was pending, EAMC filed a letter with SHPDA requesting an official determination with respect to the validity of Auburn Medical's CON.
In a separate action in March 1997, Auburn Medical petitioned for declaratory relief with SHPDA, arguing that EAMC had not followed various requirements of SHPDA law in its past construction projects and additions. The petition was denied by operation of law. Auburn Medical appealed to the Montgomery County Circuit Court. EAMC moved to dismiss, arguing that Auburn Medical had failed to exhaust all of its administrative remedies, by not appealing to a fair-hearing officer before seeking judicial review; the trial court granted the motion. Auburn Medical appealed to this court; and we reversed and remanded, holding that Auburn Medical did not have to appeal to the fairhearing officer, based on an amendment to § 22-21-275. Auburn Medical Ctr, Inc. v. State Health Planning & Dev. Agency, 814 So.2d 258 (Ala.Civ.App.2000).
On June 17, 1997, in this present case, SHPDA issued a final order denying EAMC's application, because Auburn Medical already had a CON to construct and operate a 64-bed ambulatory surgery center in Auburn. In that order, SHPDA stated:
"[SHPDA] recognizes that there is no guarantee that the [Auburn Medical] facility will be constructed and several years have elapsed since the original [Auburn Medical] application, however, [Auburn Medical] should not be penalized for the portion of delay caused by the appellate process or due to uncertainties associated with the Board's consideration of the present application. [Auburn Medical] received a letter from SHPDA affirming the validity of the [Auburn Medical] CON from SHPDA at approximately the same time as the letter of intent associated with the original application was filed in this cause. This Order should not be construed as a finding that the [Auburn Medical] CON will prevent the Board from approving future applications, including those that may be filed by Health Horizons or EAMC, for the construction of surgical facilities in the area should [Auburn Medical] fail to construct a facility pursuant to its CON within a reasonable time period. The Board finds, however, that sufficient period of time has not yet elapsed to justify the Board['s] disregarding the authorized [Auburn Medical] facility in its need analysis."
On July 11, 1997, EAMC sued SHPDA and Auburn Medical in the Lee County Circuit Court, seeking a review of SHPDA's denial of its CON application.
On October 31, 1997, EAMC petitioned for a declaratory judgment and injunctive relief against SHPDA and Auburn Medical, in the Montgomery County Circuit Court. In its petition, EAMC stated that it had filed an application with SHPDA for a CON to operate an ambulatory surgery center in Auburn, and that its application had been denied on June 17, 1997, for the stated reasons that Auburn Medical already had a CON to operate a 64bed acute-care hospital in Auburn and that there was no need for the ambulatory surgery center proposed by EAMC. The *946 petition sought, among other things, a declaration that Auburn Medical's CON was invalid and that EAMC's CON application should have been granted.
SHPDA answered, asserting that its granting of a CON to Auburn Medical was not improper and that EAMC had already filed a petition for a judicial review in Lee County. SHPDA argued that it was improper for EAMC "to prosecute two actions in the courts of this state at the same time for the same cause and against the same party," citing § 6-5-440, Ala.Code 1975.
On January 12, 1998, Auburn Medical filed an "Answer, Motion to Dismiss, Counterclaim and Cross Claim," arguing, among other things, that the proper method for obtaining review of the denial of EAMC's CON application was a proceeding pursuant to § 41-22-20, and that such a proceeding had already been filed in Lee County on July 11, 1997.[3] Auburn Medical also contended that EAMC had come into court with "unclean hands," because it had failed to obtain the required approval for several of its own construction projects and additions at EAMC.[4] Auburn Medical also asserted that its own CON for the construction and operation of an ambulatory surgery center was proper. Auburn Medical counterclaimed against EAMC, arguing that EAMC had failed to comply with certain provisions of § 22-21-260 et seq. (SHPDA statute), regarding its past construction projects and additions. Auburn Medical cross-claimed against SHPDA, requesting a declaratory ruling regarding EAMC's failure to follow SHPDA rules and regulations on EAMC's past construction projects and additions.
EAMC moved for a partial summary judgment on Auburn Medical's counterclaim regarding violations of SHPDA law; Auburn Medical moved for a partial summary judgment, arguing that EAMC's declaratory-judgment action was an attempted substitute for a direct appeal and was prohibited. Auburn Medical argued that EAMC sought to have Auburn Medical's CON invalidated on the grounds that Auburn Medical's failure to construct a hospital invalidated Auburn Medical's CON. Auburn Medical further argued that SHPDA already had determined that Auburn Medical's CON was valid and that the failure or delay of construction of the hospital facility was not fatal to the validity of its CON while litigation was pending. We note that the issues presented in Auburn Medical's counterclaim and cross-claim were not included in its motion for a partial summary judgment.
Two days before the scheduled hearing on both parties' partial-summary-judgment motions, EAMC filed a response to Auburn Medical's motion, arguing that Auburn Medical was not entitled to a summary judgment as to EAMC's claim that Auburn Medical's CON was invalid, because, it claimed, there were disputed facts. However, in that same response, EAMC argued that it was entitled to a summary judgment on the issue of the validity of Auburn Medical's CON. In its brief filed in this court, EAMC contends that it "implicitly" raised the validity of Auburn Medical's CON in its response.
Pending before the trial court at the July 9, 1999, hearing, when it made the ruling that is the subject of this appeal, were the following motions: (1) motions to quash subpoenas; (2) a motion to consolidate *947 this case with Auburn Medical's January 6, 1999, appeal from an earlier SHPDA ruling on EAMC's past construction projects; (3) a motion to add the State Board of Public Health as a party; (4) Auburn Medical's motion for a partial summary judgment; and (5) EAMC's motion for a partial summary judgment.
At the hearing, the trial court stated:
"Now, what I'm planning on doing, gentlemen, and what I want to hear from y'all, that CON that was issued to Auburn Medical Center, I think it's invalid. The time's up. Nothing has been built. As far as your argument about that it's tolled, that doesn't work because it was issued, what, back in 1992 or something. You didn't do anything in the twelve-month period. You didn't apply for any extension. There is no tolling of that issue, so I'm going to declare that Auburn Medical Center's CON is invalid. And East Alabama, you need to reapply for one is what y'all are going to have to do...."
Subsequently, the trial court granted the motions to quash the subpoenas, denied the motion to consolidate the cases, denied the motion to add the State Board of Public Health, denied Auburn Medical's motion for a partial summary judgment, granted EAMC's motion for a partial summary judgment, and specifically held that Auburn Medical's CON was invalid.[5]
Auburn Medical first argues that the validity of its CON was not before the trial court on the pending motions, because the trial court, sua sponte, entered a summary judgment for EAMC on the issue of Auburn Medical's CON, even though EAMC had not requested a summary judgment on this particular issue. A trial court may enter a summary judgment on its own initiative; however, it can do so only when there are no genuine issues of material fact and where only questions of law are presented. First Citizens Bank of Luverne v. Jack's Food Sys., Inc., 602 So.2d 374 (Ala.1992). Auburn Medical has admitted that its hospital has not been constructed. Therefore, there is no factual issue as to that question.
Because Auburn Medical has not built its hospital the issue becomes: Did Auburn Medical's CON expire or was the time limit on the CON tolled, based on SHPDA Rules and Regulations, § 410-1-11.01? That rule provides:
"Duration of Certificate of Need. A certificate of need issued under these rules shall be valid for a period not to exceed twelve (12) months from the date of issuance. The holder of the certificate of need may apply for an extension of twelve (12) months from the date of the initial expiration date of the certificate of need provided the applicant meets each of the extension criteria set out in this chapter. The running of the duration shall be tolled from the date of the filing of a complaint arising under Code of Ala.1975, §§ 22-21-260, et seq., or other judicial proceeding until such case is dismissed from the judicial process."
Auburn Medical argues that the time for expiration of its CON was tolled because the federal district court had stated in its August 24, 1988, order that it had retained jurisdiction in the case. Because the district court never expressly stated that it was relinquishing jurisdiction, Auburn Medical argues that its CON had not expired based on 410-1-11.01, which tolls the time for a CON when litigation is pending. We disagree. The federal court, *948 in its March 16, 1990, order denying Auburn Medical's motion to stay the state-court proceedings, made it clear that the only action enjoined by the court was the SHPDA Board's power to conduct another reconsideration hearing and that the final action of the SHPDA Board was subject to review in state court. Additionally, in its order of June 26, 1992, the federal court indicated that it could not determine the validity of the CON and that that issue was one for state-court review. Had the federal court retained jurisdiction, then the state-court review would not have been allowed to go forward. The sole issue before the federal court has been decided, and there is nothing pending in the federal court.
Although the prior federal-court litigation did not extend the time limit for Auburn Medical's CON, we conclude that EAMC's filing of its own application for a CON tolled the time under 410-1-11.01, the tolling provisions of the SHPDA Rules and Regulations.
The supreme court, in Roberts Health Care, Inc. v. State Health Planning & Development Agency, 698 So.2d 106 (Ala. 1997), has interpreted the tolling provisions of the SHPDA Rules and Regulations. In Roberts, SHPDA granted Roberts Health Care ("Roberts") a CON on August 11, 1993, to build a nursing home. The project was to be a joint venture between Roberts and Regency Oaks Health Care Facility, Inc. ("Regency"). A CON generally has a 12-month duration, but SHPDA may grant an extension, and it did so for Roberts, extending its CON until August 10, 1995.
A dispute arose between Regency and Roberts. Six days before Roberts's CON was to expire, Regency filed a declaratoryjudgment action against Roberts and SHPDA, seeking a declaration of all the parties' rights. The complaint also sought a delay of expiration of the CON under the tolling provisions of SHPDA Rules and Regulations 410-1-11.01 and seeking to prevent SHPDA from acting adversely to Roberts's CON during the litigation. SHPDA counterclaimed for declaratory relief, seeking a declaration that Roberts's CON was invalid, on the basis that the time limit on the CON had by then expired.
The first issue to be decided in Roberts was whether the expiration of Roberts's CON, which was to expire on August 10, 1995, was tolled under the SHPDA rules by Regency's lawsuit against Roberts and SHPDA. The court held that the time was tolled if Regency's complaint was a complaint "arising under [§ ] XX-XX-XXX et seq.," or an "other judicial proceeding." The court determined that Regency's complaint sought to determine its rights in relation to Roberts's CON and whether the CON was transferable under § 22-21-270(e), a part of "§ 22-21-260 et seq." 698 So.2d at 110. The court held that the expiration of the CON was delayed by the filing of Regency's complaint.
It was not necessary for the court to determine whether Regency's complaint in Roberts was an "other judicial proceeding" under the alternate tolling provision of 410-1-11.01. However, the court noted that if it had not held that Regency's complaint "was a complaint arising under § 22-21-260 et seq.," then it would have held that Regency had initiated an "other judicial proceeding." SHPDA had argued that the term "other judicial proceeding" referred only to judicial proceedings relating to any case under § 22-21-260 et seq., such as an administrative action under the Alabama Administrative Procedure Act; a proceeding relating to SHPDA's revocation of a CON; or a certiorari petition in the circuit court to have the court review the ruling of a fair-hearing officer. However, the supreme court in Roberts concluded *949 that "judicial proceeding" also included the complaint filed by Regency.
In the present case, EAMC contested Auburn Medical's CON beginning in 1983, which was reviewed in both a federal court and a state court. SHPDA's letter to Auburn Medical dated August 15, 1994, confirms that Auburn Medical had one year from April 28, 1994, or to actual completion of the project, before its CON would lapse. On November 9, 1994, EAMC, through its partner, filed an application for its own CON. In making its final determination as to EAMC's CON application, the SHPDA Board determined that Auburn Medical's CON precluded the need for EAMC to obtain a CON. The administrative proceedings concerning EAMC's CON discuss Auburn Medical's CON. The basis for the SHPDA Board's denial of EAMC's CON is that Auburn Medical had a valid CON to build a 64-bed hospital and, therefore, the Auburn area did not need another ambulatory surgery center. We conclude that under the particular facts of this case, the phrase "other judicial proceeding" in 410-1-11.01 includes EAMC's own request for a CON to the SHPDA Board and that the litigation subsequent to that request tolled the time for Auburn Medical's CON.
Accordingly, the judgment of the trial court is reversed and the case is remanded for further proceedings.
OPINION OF DECEMBER 22, 2000, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING OVERRULED; REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
YATES, P.J., and CRAWLEY, THOMPSON, and PITTMAN, JJ., concur.
MURDOCK, J., dissents.
MURDOCK, Judge, dissenting.
Unless tolled, Auburn Medical Center's ("Auburn Medical") certificate of need ("CON") expired on or about June 26, 1995. In my view, it was not tolled and, therefore, I would affirm the trial court's judgment against Auburn Medical in favor of East Alabama Medical Center ("EAMC"). I come to these conclusions based on the following:

I. The Expiration of Auburn Medical's Certificate of Need
Pursuant to SHPDA Rule 410-1-11.01, a CON is valid for "a period not to exceed twelve (12) months from the date of issuance." The holder of a CON must "incur a firm commitment or obligation" within this initial 12-month period or the CON "shall be terminated and shall be null and void." SHPDA Rules 410-1-11-.02 and XXX-X-XX-XX. Auburn Medical's CON was issued on December 7, 1992; in accordance with SHPDA's Rules and Regulations and the terms of the CON itself, the CON would be terminated and become null and void on December 6, 1993, if Auburn Medical did not "incur a firm commitment or obligation."
On November 4, 1993, barely a month before Auburn Medical's CON was to expire, Auburn Medical informed SHPDA that it had entered into a contract for the construction of the certificated facility and, thereby, had incurred a "firm commitment" or "obligation" in accordance with SHPDA Rules 410-1-2-.13 and 410-1-11-.02. Because Auburn Medical purportedly incurred a "firm commitment" or "obligation" before the expiration of its CON, the expiration date of the CON was continued for a period not to exceed one year or the completion of the construction project. SHPDA Rule 410-1-11-.02. However, according to SHPDA Rule 410-1-11-.04:
"If the holder of the Certificate of Need fails to commence the construction project within the time period stated in the construction contract or to complete the *950 construction project within the time period stated in the construction contract, then the Certificate of Need shall be terminated and shall be null and void."
Pursuant to the construction contract, construction was to commence on the 64-bed hospital no later than 180 days after the execution of that contract, or May 1, 1994; and construction was to be completed within 425 days of commencement of construction.
On April 28, 1994, just three days before the deadline for commencement of construction, Auburn Medical allegedly "commenced construction" of its facility. According to the construction contract, therefore, construction of Auburn Medical's facility was to be completed by approximately June 26, 1995. On June 25, 1999, however, approximately 4 years after the completion of Auburn Medical's facility was to occur, counsel for Auburn Medical filed an affidavit in which he advised the court that "construction on the hospital has not begun." On the record before it, the trial court was justified in finding that completion of the construction was not accomplished within the time set forth in the construction contract. Consequently, pursuant to SHPDA Rule 410-1-11-.04, Auburn Medical's CON was terminated and became null and void on or about June 26, 1995, unless tolled under SHPDA Rule 410-1-11-.01.

II. The Issue of Tolling
SHPDA Rule 410-1-11-.01 provides:
"The running of the duration [of a certificate of need] shall be tolled from the date of the filing of a complaint arising under § 22-21-260, et seq., Code of Alabama, 1975, or other judicial proceeding until such case is dismissed from the judicial process."
(Emphasis added.)
The majority, relying upon Roberts Health Care, Inc. v. State Health Planning & Development Agency, 698 So.2d 106 (Ala.1997), concludes that the CON application filed by EAMC on November 9, 1994, qualified as a "judicial proceeding" under the foregoing provision. In my opinion, however, the filing of such an application gave rise to an administrative proceeding, not a judicial proceeding, and I do not read Roberts as requiring a holding otherwise since the "judicial proceeding" at issue in that case was an action filed in a circuit court.
Although the Supreme Court in Roberts held that the action in that case was based on a "complaint arising under § 22-21-260, et seq.," Ala.Code 1975, it proceeded to address, in dicta, SHPDA's argument that the "other judicial proceeding" option in SHPDA Rule 410-1-11-.01 refers only to "judicial proceedings relating to any case under § 22-21-260 et seq., such as an administrative action under the Alabama Administrative Procedure Act, ... revocation of a CON [by SHPDA,] or ... court review [of a] ruling of a fair hearing officer." 698 So.2d at 110. As I understand SHPDA's argument, it was a contention that "other judicial proceedings" were limited to court review of prior administrative cases. Thus, in rejecting this argument and holding that the "other judicial proceedings" option was satisfied, the court was not suggesting that an administrative case would suffice as an "other judicial proceeding." Instead, it is my understanding that the court simply was explaining that an action initiated in a circuit court, that was not a result of a prior adverse administrative decision, could qualify as an "other judicial proceeding." Indeed, the Supreme Court ended its discussion of the issue by emphasizing that "[i]t is clear that the complaint Regency filed in the Madison Circuit Court initiated a judicial proceeding." 698 So.2d at 110. Therefore, I find no authority, even in Roberts's dicta, for the proposition that a request to the SHPDA Board for a CON constitutes a "judicial proceeding."
*951 In treating EAMC's administrative CON application as a judicial proceeding, the majority also relies on the fact that in making its final determination as to EAMC's CON application, the SHPDA Board determined that Auburn Medical's CON precluded the need for EAMC to obtain a CON. SHPDA's consideration of another CON, however, was not peculiar to this case and was, in fact, required under SHPDA's rules and regulations. One of the criteria SHPDA must consider is whether a need for the project exists including the effect on existing facilities for services. SHPDA Rule 410-1-6-.06. Thus, in assessing the projected impact of EAMC's requested CON on the previously approved Auburn Medical facility, SHPDA merely was making a determination required as a prerequisite to ruling on EAMC's CON application. It was not a direct or binding ruling on the validity of Auburn Medical's CON. That issue was not before SHPDA. Even if EAMC subsequently had been successful in the circuit court in overturning SHPDA's adverse determination as to EAMC's CON, that would not have affected the validity of Auburn Medical's CON.
On October 23, 1996, EAMC filed a letter with SHPDA requesting a determination with respect to the continued validity of Auburn Medical's CON. By this time, however, Auburn Medical's CON already had been expired under SHPDA's rules for over 16 months. In any event, SHPDA never responded to EAMC's letter request.
The briefs before us, however, indicate that SHPDA's June 17, 1997, order denying EAMC's application for its own CON was based at least in part on the fact that Auburn Medical previously had been issued a CON. Again, however, the question of the validity of Auburn Medical's CON was not before SHPDA in the 1997 proceeding. Even if it had been, Auburn Medical's CON expired on or about June 26, 1995, and as a matter of law the 1997 SHPDA order could not resurrect it.

III. Dismissal of Auburn Medical's Counterclaims
The same claims that were asserted in Auburn Medical's counterclaim in this case also were the subject of a separate action that Auburn Medical filed in the Montgomery County Circuit Court. That other action subsequently proceeded to a judgment. See Auburn Med. Ctr., Inc. v. State Health Planning & Dev. Agency, 814 So.2d 263 (Ala.Civ.App.2001) (on remand from the Supreme Court) (decided this same date). Therefore, I conclude that the trial court did not abuse its discretion in dismissing Auburn Medical's counterclaim. See Weinberg v. Weinberg, 460 So.2d 1350, 1351 (Ala.Civ.App.1984).
Accordingly, I respectfully dissent; I would grant the application for rehearing and affirm the judgment of the trial court.
NOTES
[1] The commitment contained in the construction contract extended the CON. SHPDA Rules and Regulations 410-1-2-.13 and 410-1-11-.02.
[2] Auburn Medical's firm commitment and obligation extended the CON for one year from April 28, 1994, or completion of the project, whichever is later. SHPDA Rules and Regulations 410-1-11-.02.
[3] At some point, however, EAMC dismissed that lawsuit.
[4] This contention related to the claims raised by Auburn Medical in Auburn Medical Center, Inc. v. State Health Planning & Development Agency, 814 So.2d 258 (Ala.Civ.App.2000).
[5] The trial court concluded that there were no remaining issues in this case, apparently based on its holding that Auburn Medical's CON was invalid.